Tony WILLIS, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 30700.

United States Court of Appeals, Fifth Circuit.

Feb. 10, 1971.

---

924

Tony Willis, pro se.

John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

**PER CURIAM:**

■ Willis has appealed[1] from the District Court's denial of his petition to obtain credit on his federal prison sentence for certain time spent in custody prior to sentencing.[2] We affirm in part and reverse in part, and remand the cause for a hearing.

Willis alleges that while he was free on bail on the federal charge, he was arrested on October 31, 1968, by Georgia state authorities. He avers that his federal bail then was revoked and bail on the state charges was precluded by the lodging of a federal detainer against him.

Willis was sentenced on the state charges on December 10, 1968, to serve a sentence running concurrently with the federal sentence which he had received on November 29, 1968. He was transferred to the United States Penitentiary to commence service of his federal (and concurrent state) sentence on December 31, 1968. Willis claims that he is entitled to credit on his federal sentence for the 61 days from October 31 to December 31, 1968.[3]

■ Clearly Willis is not entitled to credit for the period of December 10 to December 30 or 31, 1968. During that time he was actually serving his state sentence for offenses unrelated to the federal charges. Sanders v. McGuire, 5 Cir. 1968, 405 F.2d 881.

■ The state court purported to give Willis credit for his presentence custody from October 31 to December 10, 1968. This did not help Willis, however, because his federal sentence is due to expire more than a year after his state terms.

In previous proceedings, the District Court denied relief to Willis because the sentences being concurrent, the state already had given credit for the presentence jail time. The instant petition was denied as being a successive application for similar relief. 28 U.S.C.A. § 2244.

■ This case is governed by our decision in Davis v. Attorney General, 5 Cir. 1970, 425 F.2d 238. There we held that if Davis "was denied release on bail because the federal detainer was lodged against him, then that was time 'spent in custody in connection with the [federal] offense,' [18 U.S.C.A. § 3568] since the detainer was issued upon authority of the appellant's federal conviction and sentence." 425 F.2d at 240.

Accordingly the judgment of the District Court is affirmed in part and reversed in part; and the case is remanded for an evidentiary hearing on Willis' contention that he should be accorded credit on his federal sentence for his presentence custody of October 31 to December 10, 1968.

Affirmed in part; reversed in part; and remanded.

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5 Cir. 1969, 412 F.2d 981.

2. On authority of 18 U.S.C.A. § 3568 as amended in 1966; see United States v. Morgan, 5 Cir. 1970, 425 F.2d 1388.

3. The appellant's official "commitment and diagnostic summary" sheet prepared by the Bureau of Prisons shows that he is credited with service of his federal sentence from December 30, 1968, but that he has been accorded no credit thereon for any presentence time.