**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 26 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

PATRICK SCOTT AZURE,

        Petitioner-Appellant,

v.

E.J. GALLEGOS, Warden, Federal
Prison Camp at Florence, Colorado,

        Respondent-Appellee.

_____

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

PATRICK SCOTT AZURE,

        Defendant-Appellant.

_____

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

PATRICK SCOTT AZURE,

        Defendant-Appellant.

No.  03-1375
(D.C. No. 03-Z-1283)
(D. Colo.)

No. 03-8047
(D.C. No. 01-CR-82-J)
(D. Wyo.)

No. 03-8090
(D.C. No. 03-CV-139-J)
(D. Wyo.)

## ORDER AND JUDGMENT [*]

Before **O'BRIEN** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **McCONNELL** , Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The cases are therefore ordered submitted without oral argument.

Appellant Patrick Scott Azure is a federal prisoner appearing pro se.  While he was free on bail on state drug charges in January 2001, he was charged with two federal firearms offenses.  His bail was revoked on February 28, 2001, and he has been in state or federal custody since then.  His federal sentence was ordered to run concurrently with the undischarged portion of his previously-imposed state sentence.  He contends that the Bureau of Prisons (BOP) has miscalculated the time to be credited toward his federal sentence, and that he is entitled to immediate release.  He filed three challenges to his federal sentence–two in the District of

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Wyoming and a third in the District of Colorado–alleging various errors seeking to reduce his sentence. He maintains that he is entitled to federal credit for <u>all</u> time served after revocation of his state bail and before his federal sentence was imposed, and that is entitled to immediate release. The district courts denied relief, and appellant appeals.

<u>Facts and Procedural History</u>

Based on information from an informant and subsequent controlled purchases of methamphetamine from appellant, Wyoming state officials obtained and executed a search warrant for appellant's residence on November 30, 2000. A handgun, three rifles, some suspected marijuana, and drug paraphernalia were seized. Appellant was charged with two counts of drug trafficking and, after a few days in a county jail, was released on bail on December 5, 2000. While he was out on bail, federal authorities traced a sawed-off shotgun back to him, and charged him with manufacturing and transferring the shotgun in violation of federal law. This shotgun was not one of the guns the State of Wyoming had found and seized earlier. When federal authorities searched appellant's residence on February 26, 2001, they also found and seized more firearms. His bail was revoked on February 28, 2001, and he was returned to state custody in the county jail. He pleaded guilty to two state drug charges on April 25, 2001, was sentenced to an

indeterminate sentence of eighteen-to-sixty months, and was transferred from the county jail to the Wyoming State Penitentiary to begin serving his sentence.

On August 30, 2001, the District of Wyoming issued a Writ of Habeas Corpus Ad Prosequendum, and appellant was transferred to a federal holding facility for his federal proceedings. On January 29, 2002, appellant pleaded guilty to one of the federal firearms charges (the other charge was dismissed), was sentenced to thirty-three months concurrent with the undischarged portion of his state sentence, and was transferred to federal prison. On February 1, 2002, the District of Wyoming amended the written sentence to specify that appellant's federal sentence was concurrent with the undischarged portion of his state sentence, as had been stated in court. Appellant was paroled by the State of Wyoming in mid-2002 (in May or June–the record is not clear on this point). He received credit for all of his confinement up to that date toward his state sentence.

In December 2002, almost a year after he was sentenced, the BOP provided appellant with a written explanation of how they were crediting the time on his federal sentence. At that time, the BOP was giving appellant federal credit for all of the time he spent in custody after the date of his federal sentencing, and also was giving him federal credit for fifty-six days of custody between the revocation of his state bail and the imposition of his     state sentence based on a Fifth Circuit

case, Willis v. United States, 438 F.2d 923 (5th Cir. 1971) (per curiam). [1] The

BOP did not give appellant any federal credit for the rest of the time he spent in

custody before the date of his federal sentencing. In September 2003, the BOP

recalculated appellant's sentence, withdrawing the fifty-six days of "Willis" credit

for pre-federal-sentencing confinement.

---

[1] In Willis, the Fifth Circuit examined federal credit in a case where unrelated state and federal sentences were ordered by the State to run concurrently, and the defendant sought federal credit for time spent in state custody before he was transferred to federal prison. See 438 F.2d at 925. In that case, the defendant was arrested on a federal charge first and, while out on bail, was arrested on an unrelated state charge and taken into state custody. Id. He remained in state custody initially because of the federal detainer, but he remained in state custody through, first, his federal sentencing and, then, his state sentencing. Id. His state sentence was ordered to run concurrently with his federal sentence. Id. He remained in state custody for approximately three weeks after his state sentence was imposed, and then was transferred to federal custody to finish both sentences. Id. He sought federal credit for all of the time he spent in state custody (sixty-one days). Id. The Fifth Circuit decided that the defendant was not entitled to federal credit for the time actually spent serving his unrelated state sentence after his state sentence was imposed, but remanded for an evidentiary hearing for the district court to determine whether he was entitled to credit for any other pre-federal-custody time. The court's concern was that the defendant initially spent time in state custody subject to a federal detainer, and he should get federal credit for that time. The court did not actually decide whether the defendant was entitled to more federal credit.

It is unclear what application Willis has to this case, as Willis was decided by a different court under a predecessor statute to 18 U.S.C. § 3585 on different facts, and the court did not actually decide the question whether the defendant was entitled to federal credit for time spent in state custody before he began serving his federal sentence in federal custody.

Appellant's three challenges to the calculation of his federal sentence include, first, a motion to correct a clerical error in an otherwise correct judgment under Fed. R. Crim. P. 36, filed on April 23, 2003. In his Rule 36 motion, appellant alleged that the district court should specify the dates relevant to the calculation of his concurrent sentences. The district court's denial of this motion led to appeal No. 03-8047. Second, appellant filed on July 8, 2003, a motion to vacate, set aside, or correct an illegal sentence under 28 U.S.C. § 2255, arguing that the then-proposed amendment to USSG § 5G1.3 was both clarifying and retroactive, and called for his federal sentence to be reduced such that he was being held past his proper release date. The denial of his § 2255 motion led to appeal No. 03-8090. Third, appellant filed on July 17, 2003, a petition for habeas corpus under 28 U.S.C. § 2241, arguing that the BOP had miscalculated his otherwise lawful sentence and he was entitled to release. The denial of his § 2241 petition led to appeal No. 03-1375. Because appellant was sentenced in Wyoming but is housed in Colorado, he filed his Rule 36 and § 2255 motions in the District of Wyoming, but he filed his § 2241 petition in the District of Colorado.

### Issues on Appeal

Although appellant raises many issues in his three appeals, we find it necessary to discuss only two of them, his arguments that: (1) the BOP has improperly failed to give him enough federal credit to make his state and federal

-6-

sentences "fully concurrent," as allegedly ordered by the District of Wyoming; and (2) his state and federal sentences were based on the same conduct, so his federal sentence should be reduced under a recent, allegedly clarifying and retroactive amendment to USSG § 5G1.3. See No. 03-8090, Docketing Statement at 2.

<u>No. 03-8047/D.C. No. 01CR-00082-01J</u>

On April 25, 2003, the District of Wyoming denied appellant's motion to correct clerical error under Fed. R. Crim. P. 36, which sought credit toward his federal sentence for all of the time he spent in federal custody before his federal sentence was imposed. See No. 01CR-00082-01J, Doc. 30. The court held that 18 U.S.C. § 3585(b) prohibits credit for pre-sentencing confinement if that time was applied to a previously-imposed sentence, and that appellant in fact received state credit for the time before his federal sentence was imposed. Further, appellant's time spent in the federal holding facility was pursuant to a Writ of Habeas Corpus Ad Prosequendum, so he was still in      state custody during that time. The court noted that appellant's state offense was unrelated to his federal offense and was not taken into account in the determination of his federal sentence, and so his pre-federal-sentence time could not be credited toward both sentences. The court concluded that appellant's federal time started at the date of federal sentencing, January 29, 2002, and that there was no clerical error in his sentence.

The court denied appellant's motion for reconsideration on May 9, 2003. See No. 01CR-00082-01J, Doc. 32. The court quoted the relevant language from appellant's amended federal sentence: "a term of thirty three (33) months with said sentence to run concurrently with the undischarged term of imprisonment the defendant is serving at the Wyoming State Penitentiary, . . . ." Id. at 1. The court held that appellant's sentence satisfied the policy statement in USSG § 5G1.3(c), and did not call for appellant's federal sentence to run "partially concurrently," as discussed in Application Note 4 to the guideline. The court also repeated that the state offense was unrelated to the federal charge. The court correctly noted that it had no control over how the BOP interpreted and calculated appellant's sentence, as the BOP, not the sentencing court, calculates a prisoner's credit for time served. See United States v. Wilson, 503 U.S. 329, 331-35 (1992); Bennett v. United States Parole Comm'n, 83 F.3d 324, 328 (10th Cir. 1996).

The government contends on appeal that Rule 36 does not cover the kind of sentencing error alleged by appellant, which is correct. Rule 36 grants the court authority only to "correct a clerical mistake in a judgment . . ., or correct an error in the record arising from oversight or omission." Rule 36; see also United States v. Blackwell, 81 F.3d 945, 948 n.3 (10th Cir. 1996). In addition, we note that appellant's argument that he has not been given proper credit for his "fully concurrent" sentences is without merit. See, e.g., Omnibus Mot. for Bail at 2.

-8-

Appellant appears to believe that "fully concurrent" means that his federal sentence counts from the date of his federal charge, which is incorrect. His federal sentence began on the date it was imposed. As the probation officer explained at sentencing, a "partially concurrent" sentence would have caused appellant's federal sentence to begin to run with his state sentence beginning on the earliest projected state parole date–May 18, 2002. See id. at 16. However, the "concurrent" sentence actually imposed caused appellant's sentences to run concurrently from the date of federal sentencing. Because appellant was sentenced on January 29, 2002, the difference to appellant between "concurrent" and "partially concurrent" was about four months of additional credit. See id. The district court's judgment will be affirmed.

### No. 03-8090/D.C. No. 03-CV-139J (01-CR-82-J)

The District of Wyoming also denied appellant's July 8, 2003 motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See No. 03-CV-139J, Doc. 6. The court first decided that appellant's challenge to the BOP's calculation of his sentence was not properly raised under § 2255. The court then determined that appellant's claim that he was being held beyond his correct release date was properly raised under § 2255, but that the argument was time-barred. The court reasoned that appellant's amended federal sentence, which he did not appeal, became final on February 11, 2002, and he was required to file

his motion under § 2255 within one year from that date, which he did not do. The court rejected appellant's arguments directed at extending the time to file his § 2255 motion. The court observed that the then-proposed amendment to USSG § 5G1.3 was a proposal and of no legal force, and did not apply to the facts of appellant's sentence in any event. The court also rejected appellant's argument that equitable tolling should apply to extend the statute of limitations. The court denied the § 2255 motion and denied appellant a certificate of appealability.

The district court also denied appellant's motion for reconsideration. See No. 03-CV-139J, Doc. 13. Appellant argued that he should be excused from complying with the statute of limitations applicable to § 2255 motions because he did not know there was a problem with his sentence until the BOP showed him how it was crediting his time. The court thoroughly explained that appellant's challenges to the calculation of his sentence should be brought under § 2241 in the District of Colorado, where he was housed, and that his challenges brought under § 2255 were time-barred.

We also deny appellant's application for a certificate of appealability filed in this court because he has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). Appellant argues that the now-enacted amendment to USSG § 5G1.3, appearing as a new subsection (b)(1), should apply retroactively to reduce his sentence because conduct used to

determine his state sentence was also used to increase his federal offense level. This argument is time-barred, and is without merit in any event.

Appellant's state sentence was not included in any of the records on appeal. But appellant has not even explained how any improper duplication between his state and federal sentences occurred, and the materials before us reveal none. Moreover, the new amendment to the guideline, Amendment 660, is not expressly identified as retroactive under the current version of USSG § 1B1.10(c), which lists the amendments the Sentencing Commission intended to be applied retroactively to reduce a defendant's sentence. Although that does not end this court's inquiry, appellant has made no further argument showing that we should deem Amendment 660 to be clarifying and retroactive, rather than substantive and not retroactive. See United States v. Torres-Aquino, 334 F.3d 939, 941 (10th Cir. 2003). Accordingly, we deny appellant a certificate of appealability, and will dismiss this appeal.

### No. 03-1375/D.C. No. 03-ES-1283

The District of Colorado denied appellant's petition for habeas corpus under § 2241. The court held that appellant was not entitled to federal credit for pre-federal-sentencing confinement because that time was credited toward his

"concurrent state sentence."  See No. 03-1375, Doc. 6, at 3. [2] It is unfortunate that the court used the word "concurrent," because appellant's sentences were not concurrent before the date of his federal sentencing. The court's misstatement does not provide appellant with a basis for relief, however. Appellant has never argued that his pre-federal-sentence time was not credited against his state sentence. Therefore, if the word "concurrent" is excised, the remaining statement is correct: "Pursuant to § 3585(b), the BOP properly has determined that [appellant] is not entitled any credit against his federal sentence for the time between April 25, 2001, through January 29, 2002, [3] because that time was credited against his [] state sentence." Id.

Appellant's federal and state sentences were concurrent from the date of his federal sentencing, January 29, 2002. He still got the benefit of not having to finish his state sentence before beginning to serve his federal sentence–they were not consecutive. He ignores this fact throughout his materials. Although appellant

[2]     We note that the district court filed an "Order and Judgment of Dismissal," instead of an order explaining her reasons and a judgment on a separate document, as required by Fed. R. Civ. P. 58(a)(1) to effectuate the judgment. The court's judgment is deemed to have been filed on January 15, 2004, when 150 days elapsed since the order and judgment was filed on August 18, 2003. See Rule 58(b)(2)(B). The error is harmless, as the separate document rule is designed to make clear to the parties when the time to appeal begins to run, and there is no question in this case that appellant's notice of appeal was timely filed.

[3]     Appellant did not assert a claim for credit for the time between February 28, 2001, and April 25, 2001, because the BOP initially told him he would get federal credit for that time.

-12-

claims that the BOP revoked the Willis credit in September 2003 to retaliate against him, the district courts had properly held that appellant was not entitled to any pre-federal-sentence credit toward his federal sentence. In addition, appellant cites no authority holding that the BOP was not entitled to recalculate his sentence while he is still in federal custody. The district court's judgment will be affirmed.

## Conclusion

Based on our review of the records on appeal, appellant is not entitled to any federal credit for pre-federal-sentencing confinement, the BOP's initial calculation of his sentence was simply wrong, and appellant is not entitled to any relief on appeal.

Appellant's motions to proceed in forma pauperis in No. 03-1375 and No. 03-8047 are granted. The district courts' judgments in No. 03-1375 and No. 03-8047 are AFFIRMED. A certificate of appealability is denied in No. 03-8090, and that appeal is DISMISSED. The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM