

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-27-2006

# Delestre v. Pugh

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1884

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Delestre v. Pugh" (2006). *2006 Decisions.* Paper 416.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/416

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 04-1884

———————————

ANTONIO DELESTRE,

Appellant

v.

M.V. PUGH

———————————————————

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 03-cv-02057)
District Judge: Honorable John E. Jones, III

———————————————————

Submitted Under Third Circuit LAR 34.1(a)
September 27, 2006

Before: SLOVITER, SMITH AND VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed: September 27, 2006)

———————————

OPINION

———————————

PER CURIAM

    Antonio Delestre appeals from the denial of his <u>pro se</u> 28 U.S.C. § 2241 habeas

petition by the District Court for the Middle District of Pennsylvania.

## I.

As the parties are familiar with the facts of this case, we will only discuss those facts relevant to our decision. Delestre was arrested on state drug charges on August 26, 1994. Delestre pled guilty and was sentenced on January 12, 1995. Delestre was subsequently transferred to a federal facility pursuant to a writ of habeas corpus ad prosequendum, to face federal charges in the Southern District of New York. Delestre pled guilty, and on November 19, 1996 was sentenced to an aggregate term of 180 months imprisonment. The sentencing court expressly stated in his oral decision and the written judgment and commitment order that the federal sentence was to be served concurrently with the undischarged state sentence and that the term of imprisonment was to be calculated from August 26, 1994.[1]

The Bureau of Prisons ("BOP") calculated Delestre's sentence such that (1) he was given Willis[2] credit for the time served between his arrest on August 26, 1994 and his state sentencing on January 12, 1995; and (2) the remainder of his sentence commenced on November 19, 1996, the date of federal sentencing, to run concurrent with the remaining undischarged state sentence.

## II.

---

[1] Delestre was subsequently returned to state custody to complete his state sentence. In June 2002, Delestre was conditionally released and began serving his federal sentence.

[2] Willis v. United States, 438 F.2d 923 (5th Cir. 1971).

2

After exhausting his administrative remedies, Delestre filed the instant habeas petition alleging that the BOP miscalculated his sentence by failing to interpret the sentence as commencing on August 26, 1994 as ordered by the sentencing court. The Magistrate Judge recommended denying relief because Delestre had received the appropriate pre-state sentencing Willis credit, and the BOP was prohibited under 18 U.S.C. § 3585(b) from awarding credit for time served between the date of state sentencing and the date of federal sentencing, because the time had already been credited to his state sentence. The District Court Judge adopted the recommendation and denied relief.

III.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), and we exercise plenary review over the District Court's legal conclusion. See Ruggiano v. Reish, 307 F.3d 121, 126-27 (3d Cir. 2002).

The District Court is correct that 18 U.S.C. § 3585(b) prohibits the award of 'double' credit for time served under a state sentence. See Rios v. Wiley, 201 F.3d 257, 272 (3d Cir. 2000). However, § 3585(b) does not limit a court's authority pursuant to the U.S Sentencing Guidelines Manual § 5G1.3 to account for time served on an undischarged state sentence. Id. at 270; see also Ruggiano, 307 F.3d at 132 (distinguishing between the type of credit prohibited under § 3585(b) and the type of 'credit' a sentencing court may award under the guidelines on a pre-existing state sentence). Upon review of the sentencing transcript we find that the sentencing court

3

intended to apply § 5G1.3. <u>See</u> Sentencing Transcript at 3-5. Furthermore, because the

parties at sentencing agreed that the plea agreement indicated that Delestre's state drug

offense was "part and parcel" of the federal conspiracy charge, <u>id</u>. at 3, the only possible

relevant subsections are (b) and (c).[3] We have interpreted both subsections to allow a

sentencing court to adjust a sentence to account for time served on a state sentence. <u>See</u>

<u>Ruggiano</u>, 307 F.3d at 128 (interpreting subsection (b) in the context of application note

2); <u>id</u>. at 131 (recognizing that sentencing court had authority under subsection (c) to

adjust sentence for time served on state sentence).

We therefore conclude that the sentencing court intended to, and had the authority

to, impose the sentence to run retroactively concurrent with the time Delestre had served

on his state sentence.[4] Accordingly, we will vacate the District Court's order and remand

with instructions that the District Court grant the habeas petition and direct the BOP to

---

[3] Subsection (a) only applies to cases where the instant offense was "committed while the defendant was serving a term of imprisonment." U.S. Sentencing Guidelines Manual § 5G1.3(a) (1995). Whereas subsection (b) applies to cases where the other offense has been fully taken into account in the determination of the offense level for the instant offense," U.S. Sentencing Guidelines Manual § 5G1.3(b) (1995), and subsection (c) applies to all other cases, <u>see</u> U.S. Sentencing Guidelines Manual § 5G1.3(c) (1995).

[4] We recognize that the sentencing court did not specifically 'adjust' the sentence as suggested in Application Note 2. However, under the circumstances of this case, we do not find the omission determinative. We also recognize that the 2003 amendment to the subsection (c) application notes now prohibits the adjustment of a sentence, and instead permits a downward departure from the guidelines. <u>See</u> U.S. Sentencing Guidelines Manual § 5G1.3 app. note 3(e); U.S. Sentencing Guidelines Manual Appdx. C, Amendment 660. To the extent this amendment may be viewed as a clarifying amendment that is retroactively applicable, we decline to interpret the pre-amendment guideline in a manner that would be more harsh to Delestre. <u>See</u> <u>United States v. Diaz</u>, 245 F.3d 294, 304 (3d Cir. 2001).

4

credit Delestre with the time spent in detention from the date his state sentence was imposed to the November 19, 1996 imposition of his federal sentence.