**Muhammad SHAHID, Appellant**

**v.**

**Paul M. SCHULTZ, Warden, FCI Fairton.**

**No. 08–1492.**

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action Under

Third Circuit LAR 27.4 and I.O.P. 10.6 March 27, 2008.

Filed: April 9, 2008.

---

Muhammad Shahid, Bruceton Mills, WV, pro se.

Susan J. Steele, Esq., Office of United States Attorney, Newark, NJ, for Paul M. Schultz.

Before: SLOVITER, FISHER and HARDIMAN, Circuit Judges.

## OPINION

PER CURIAM.

Appellant, Muhammad Shahid, appeals the order of the District Court dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. We will summarily affirm the judgment of the District Court.

The parties are familiar with the facts, so we will only briefly revisit them here. Shahid was arrested by the Trenton Police on August 5, 2002, on state charges of criminal homicide and unlawful possession of a weapon. Bail was set at $500,000 with "no 10%," and Shahid remained in custody. Shahid entered a guilty plea in state court to aggravated manslaughter on December 2, 2004. In the meantime, on December 9, 2002, the United States District Court for the District of New Jersey ("District Court") issued a warrant for appellant's arrest on federal bank robbery and car-jacking charges stemming from offenses committed on July 28 and 29, 2002. Shahid was "borrowed" from New Jersey on a federal writ of habeas corpus ad prosequendum on January 17, 2003, to answer to the charges in the District Court. Shahid was returned to the state of New Jersey, and federal authorities subsequently lodged a no-bail detainer on January 19, 2003. Shahid entered into a plea agreement on the federal charges on September 29, 2004. On January 3, 2005, New Jersey officials released Shahid to a federal detainer and he was taken into federal custody the following day. Shahid was sentenced on January 20, 2005, to 135 months imprisonment and three years of supervised release as a result of his plea of guilty to the July 28, 2002 bank robbery and carjacking charges. *See United States v. Shahid,* D.N.J.Crim. No. 04–cr–00683.

On May 10, 2005, Shahid appeared in the Superior Court of New Jersey pursuant to a writ of habeas corpus ad prosequendum for sentencing on his plea of guilty to aggravated manslaughter. At that time, the Superior Court of New Jersey, Law Division, Mercer County, imposed a 15–year sentence, with an 85% period of parole ineligibility and five years parole supervision, to be served concurrently with the federal sentence. The state court judgment gave Shahid 899 days credit for time spent in custody from August 5, 2002 through January 19, 2005. The state of New Jersey thereafter filed a detainer on September 28, 2005, with the Federal Correctional Institution in Fairton, New Jersey, where Shahid was incarcerated setting the maximum expiration date of his sentence as August 21, 2015. Upon receipt of this detainer and information regarding the state court's award of prior custody credit, the Bureau of Prisons ("BOP") removed the jail time credit that had been initially granted to Shahid for

the same time period pursuant to 18 U.S.C. § 3585(b). The BOP also determined that neither "*Willis* or *Kayfez* credits" applied.[1] Shahid's projected release date for his federal sentence was resultantly adjusted from May 22, 2012 to November 6, 2014.

Shahid submitted an informal Request for Administrative Remedy on February 14, 2006, seeking the "return" of his credits. In that request, Shahid argued that the BOP had incorrectly concluded that the award of prior custody credit could not be awarded him under § 3585(b) or *Kayfez*. Appellant's informal Request was denied on March 2, 2006. Shahid then filed a formal request to the Warden, wherein he again argued that the BOP erroneously removed "*Kayfez* credits" from his sentence computation. That request was denied by the Warden on March 24, 2006. While the parties agree that Shahid appealed that decision to the Regional Director, the exact disposition of that appeal is unclear from the record. Shahid asserts that his appeal to the Regional Director was "denied on the basis of program statement 5880.28." *See* Memorandum in Support of § 2241 Petition at 7. Appellee, on the other hand, contends that Shahid's appeal to the Regional Director was "rejected as being untimely filed." *See* Answer to § 2241 Petition at 15. It does not appear that either party submitted any evidence to support their respective positions. Regardless, there is no question that Shahid did not attempt review of the Regional Director's decision and, thus, did not exhaust the administrative remedies set forth at 28 C.F.R. § 542.10–542.19 (2006).

Instead, Shahid filed the underlying § 2241 petition in the District Court on December 21, 2006, challenging the BOP's determination that *Kayfez* credits do not apply to his situation. Shahid asserts that BOP Program Statement 5880.28 inaccurately interprets the *Kayfez* decision by limiting its scope, and that the BOP erroneously stripped him of 898 days of presentence jail credits contrary to 18 U.S.C. § 3585. Appellee responded to the petition by arguing that it was subject to dismissal because Shahid failed to exhaust administrative remedies, and that, in any event, it was lacking in merit. Appellee asserted, inter alia, that while the period of time for which Shahid requested credit is appropriate, that time had been applied towards his longer state sentence. As such, the plain language of § 3585(b) prevents it from being applied to his federal sentence. Additionally, appellee argued that neither *Willis* nor *Kayfez* credits are applicable or warranted given the facts of Shahid's case, i.e., that Shahid benefitted from the application of the prior custody credit to his state sentence (*Willis*) and that, even with application of that credit, the full term expiration date for his state sentence is substantially greater than that of his federal sentence (*Kayfez*).

The District Court agreed with appellee's contention that Shahid's § 2241 petition was subject to dismissal because he failed to exhaust administrative remedies, but it arrived at that conclusion for a reason other than the one advanced by appellee. According to the District Court's understanding of Shahid's petition, appellant was not seeking credit for presentencing custody, but instead was attempting to have the BOP designate a New Jersey prison as the place of his confinement for the final 899 days of his federal sentence under the authority granted it by 18 U.S.C. § 3621(b). Ac-

---

1. This statement refers to the possibility of an award of "double credit" pursuant to *Willis v. United States,* 438 F.2d 923 (5th Cir.1971), and *Kayfez v. Gasele,* 993 F.2d 1288 (7th Cir.1993).

cordingly, because Shahid did not pursue this request through any administrative channel, the District Court dismissed his petition without prejudice to his filing of a new petition in the event that the BOP ultimately declines to exercise its discretion and make such a designation. Shahid timely appealed.

Shahid has filed a Statement of Issues in accordance with Fed. R.App. P. 10(b)(3)(A), wherein he takes issue with the District Court's characterization of his § 2241 petition as seeking relief from the BOP under 18 U.S.C. § 3621(b), and declares that he was instead seeking to challenge the BOP's redaction of his pre-sentence credit under its interpretation of 18 U.S.C. § 3585(b) and Program Statement 5880.28. In light of Shahid's contention (which is supported by his petition) that he is actually challenging the BOP's redaction of his pre-sentence credit, we see no reason to review his petition under any other construction. Nonetheless, having carefully reviewed the record and assuming *arguendo* that exhaustion of administrative remedies can be excused as futile in this case, we conclude that Shahid was not entitled to habeas relief in any event and will thus affirm the District Court's judgment. *See Fairview Township v. EPA*, 773 F.2d 517, 525 n. 15 (3d Cir.1985) (we may affirm on any basis that finds support in the record).

In calculating a federal prisoner's sentence, the BOP determines: (1) when the federal sentence commenced, and (2) whether there are any credits to which the prisoner may be entitled. *See* 18 U.S.C. § 3585. In the instant case, the BOP correctly determined that, pursuant to § 3585(a), Shahid's federal sentence commenced on January 19, 2005, when he came into federal custody for service of his sentence. *See Rios v. Wiley*, 201 F.3d 257, 275 (3d Cir.2000) (producing a state pris-

oner via writ of habeas corpus ad prosequendum to answer federal charges does not relinquish state custody), *superceded by statute as recognized in United States v. Saintville*, 218 F.3d 246 (3d Cir.2000). With respect to pre-sentence credit, § 3585(b) provides that a federal prisoner is statutorily entitled to credit for time spent in official detention prior to the date his federal sentence commences that resulted from: (1) the offense for which the sentence was imposed; or (2) any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed, *if that time has not been credited against another sentence.*

Even if, as Shahid asserted in the District Court, his release on bail had been prevented by the federal detainer (an assertion that is far from having been established), he still would not have been entitled to a credit for the time served in state custody because that time was credited against his state sentence for aggravated manslaughter. The BOP thus could not credit Shahid's federal sentence with that time as it would amount to an impermissible double credit. *See, e.g., United States v. Wilson*, 503 U.S. 329, 337, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) (stating that Congress made clear in § 3585(b) that a prisoner can "not receive double credit for his detention time"); *Rios*, 201 F.3d at 272 (3d Cir.2000) (holding that 22 months spent serving state sentence prior to imposition of federal sentence could not be credited under § 3585(b)). Additionally, the BOP set forth an extensive analysis in its Answer to Shahid's § 2241 petition supporting its determination that neither *Willis* nor *Kayfez* credits are available to appellant given the facts of his case. Since Shahid does not challenge the BOP's actual calculations, but rather challenges the validity of Program Statement 5880.28, we see no need to review that analysis here.

Finally, we dispose of Shahid's challenge to the validity of BOP's Program Statement 5880.28 with little discussion.[2] Shahid simply contends that the BOP's interpretation of § 3585(b), as set forth with noted exceptions in Program Statement 5880.28, is too narrow and impermissibly limits the scope of the *Kayfez* decision. It is Shahid's contention that § 3585's prohibition against "double crediting" does not apply to situations where its application to the shorter of the two sentences does not further reduce "the overall period of incarceration" (which, we note, it could not do given the fact that the shorter sentence is necessarily set to expire first), but may nonetheless be of benefit to the prisoner by, for example, relocating him to a facility in his home state, allowing for a lower custody level, enabling his participation in programs designed to assist with his transition back into society, etc. Shahid does not, however, provide any support for such a contention—especially when the applied credit unquestionably benefitted the prisoner in terms of a reduction in length of imprisonment—and we are aware of none. Affording the BOP's Program Statement the deference it is due, we cannot declare it invalid on the basis of the challenge lodged against it by Shahid. *See Rios v. Wiley,* 201 F.3d at 275, *citing Reno v. Koray,* 515 U.S. 50, 61, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995).

Accordingly, for the foregoing reasons, we will summarily affirm the judgment of the District Court as "no substantial question" is presented by the appeal. *See* 3d Cir. LAR 27.4.

2. Program Statement 5880.28 is available at http://www.bop.gov through the "Poli- cy/Forms" link.