**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3228
_____

ROBERT SMITH,
                                        Appellant

v.

WARDEN FCI MCKEAN

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-13-cv-00005)
District Judge:  Honorable Sean J. McLaughlin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September  2, 2014

Before:   JORDAN, COWEN and BARRY, Circuit Judges

(Filed: September 3, 2014)
_____

OPINION
_____

PER CURIAM

      Federal prisoner Robert Smith appeals pro se from the order of the United States

District Court for the Western District of Pennsylvania ("the District Court") denying his

habeas petition filed pursuant to 28 U.S.C. § 2241.  For the reasons that follow, we will

affirm.

I.

On December 8, 2007, local authorities in Syracuse, New York, arrested Smith for possession of a firearm, possession with intent to distribute cocaine base, and violation of his parole from a prior New York state offense. In light of Smith's firearm- and drug-related conduct, the United States, in March 2008, filed a criminal complaint against him in the United States District Court for the Northern District of New York ("the NDNY"). Because Smith was in state custody at the time, the NDNY issued a writ of habeas corpus *ad prosequendum* so that he could appear before that court to answer the federal charges against him. "A prisoner detained pursuant to a writ *ad prosequendum* is considered to remain in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the person." Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002), superseded on other grounds by U.S.S.G. § 5G1.3 cmt. n.3(E) (2003). The second sovereign — in this case, the United States — "is, therefore, considered simply to be 'borrowing' the prisoner from the [first] sovereign for the purposes of indicting, arraigning, trying, and sentencing him." Id.

Smith ultimately pleaded guilty to the federal charges. On May 5, 2009, the NDNY sentenced him to 10 years' imprisonment, to run concurrent with "any time you receive on your pending New York State Parole violation." (Supplemental App. at 48.) He was then returned to the New York state authorities. Although the state charges for possession of a firearm and possession with intent to distribute cocaine base had already been dismissed, he still had to answer for his parole violation.

2

After a parole violation hearing, Smith's parole was revoked, effective June 9, 2009. He received a credit toward the balance of his state sentence for the time between his December 2007 arrest and the revocation of his parole. In December 2009, the State re-paroled him and he was released to the United States Marshals Service to *continue* serving his federal sentence in a federal correctional facility (the Bureau of Prisons ("BOP") determined that his federal sentence started to run on the date that it was imposed by the NDNY). Smith's projected release date from federal custody is in 2018.

In 2011, Smith asked the BOP to credit his federal sentence for all of the time that he had spent in state custody after his December 2007 arrest. The BOP denied that request. Thereafter, Smith filed a pro se § 2241 habeas petition in the District Court, challenging the BOP's denial.[1] The United States Magistrate Judge who was assigned to the case recommended that the petition be denied on the merits. The District Court, over Smith's objections, adopted that recommendation. This timely appeal followed.[2]

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[3] In reviewing a district court's denial of a § 2241 petition, "[w]e exercise plenary review over the

---

[1] At that time, Smith was incarcerated at the Federal Correctional Institution at McKean ("FCI-McKean"), which is located within the Western District of Pennsylvania. Accordingly, the petition was properly filed in that district. See Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004).

[2] Smith does not need a certificate of appealability to proceed with this appeal. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S. Ct. 641 (2012).

[3] During the pendency of this appeal, Smith was transferred from FCI McKean to a

[d]istrict [c]ourt's legal conclusions and apply a clearly erroneous standard to its findings of fact." O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005) (per curiam).

The governing statute in this case is 18 U.S.C. § 3585. Section (a) of that statute defines when a federal sentence commences, while section (b) explains the circumstances under which a federal prisoner may receive a credit toward his sentence based on his "prior custody." That latter section states as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences —
>
> > (1) as a result of the offense for which the sentence was imposed; or
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

In this case, the BOP determined that Smith's federal sentence commenced on the date that it was imposed — May 5, 2009. The District Court upheld that determination, and Smith does not challenge it here. The question that is before us is whether § 3585(b) allows a credit for the time between Smith's arrest on December 8, 2007, and the start of his federal sentence on May 5, 2009. The District Court answered this question in the negative. The court explained that, because Smith's state sentence had already been

---

federal prison in New York. That transfer did not divest us of jurisdiction. See Barden v. Keohane, 921 F.2d 476, 477 n.1 (3d Cir. 1990).

4

credited for that period of time, that time could not be credited toward his federal sentence under § 3585(b).  We agree with the District Court.[4]

Although not presented in Smith's habeas petition, the United States' opposition to the petition discussed two "exception[s]" to § 3585(b)'s rule prohibiting double credit. The first stems from Willis v. United States, 438 F.2d 923 (5th Cir. 1971) (per curiam), and the second stems from Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993).  The District Court considered these two exceptions but concluded that neither applied here.

Prior to briefing, the Clerk of this Court directed the parties to address, in their respective merits briefs, two questions concerning Willis credit.  Smith, however, failed to do so.  In fact, his merits brief does not mention Willis or make any argument that could be liberally construed as claiming that Willis credit is applicable here.  His brief also makes no mention of Kayfez credit.  As a result, any arguments stemming from Willis or Kayfez have been waived.  See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) (stating that "[a]n issue is waived unless a party raises it in [his] opening brief").

We have reviewed the arguments that Smith *does* raise in his brief and find them to be unavailing.[5]  Given that (1) the District Court correctly held that § 3585(b) did not

---

[4] The United States, while noting that the District Court's reasoning "supplied an adequate basis to deny the [p]etition," (Appellee's Br. 13 n.6), appears to argue that the period of time in question would not fall under § 3585(b) even if that time had not been credited toward Smith's state sentence.  Because the resolution of that argument would not change the outcome here, we need not discuss it further.

[5] Smith appears to claim that our decision in Barden entitles him to the credit that he

5

allow the credit sought here, and (2) Smith has waived any challenge to the District

Court's conclusion that he was not otherwise entitled to the credit, we will affirm the

District Court's judgment.

---

seeks. He is mistaken. In Barden, we held that the BOP has the discretion to decide whether the state prison housing an individual may be designated as a federal prison nunc pro tunc for purposes of satisfying his federal sentence. See Barden, 921 F.2d at 477-78. Here, the BOP did, in fact, designate the state prison as a federal prison, for Smith's federal sentence began to run on May 5, 2009, even though he was not released from state prison until December 2009. But that designation has no bearing on whether Smith is entitled to a credit for the time that he spent in state custody *before* his federal sentence started. As stated above, that determination turns on an application of § 3585(b). To the extent that Smith makes a separate argument based on section 5G1.3 of the United States Sentencing Guidelines, that claim is not properly before us. See Tri-M Group, LLC v. Sharp, 638 F.3d 406, 416 (3d Cir. 2011) ("It is axiomatic that arguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible to review in this Court absent exceptional circumstances.") (internal quotation marks omitted).