[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14785
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-24413-FAM

BRIAN ALDRICH DUPREE,

Petitioner-Appellant,

versus

WARDEN, FCI MIAMI,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 8, 2015)

Before TJOFLAT, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Brian Dupree, a federal prisoner, appeals the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2241. Dupree argued that he was entitled to credit toward his federal sentence for time he had served in state custody for a separate state offense. The district court adopted the report and recommendation of a magistrate judge to deny Dupree's petition. Dupree challenges the denial of his objections to the report as untimely; the denial of his petition; the treatment of his motion for summary judgment as a motion for reconsideration; and the summary denial of his second motion for reconsideration. We affirm.

Dupree argues that the district court erred by denying as untimely the objections that he filed with prison officials within 14 days after issuance of the report and recommendation, *see Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379 (1988), but any error was harmless. The district court reviewed *de novo* the record and determined that the Bureau of Prisons calculated Dupree's sentence correctly. *See Braxton v. Estelle*, 641 F.2d 392, 397 (5th Cir. 1981).

The district court did not err in its ruling on the merits. Dupree was not entitled to credit toward his federal sentence for the time he had served in state custody because he had already received credit toward his state sentence. *See* 18 U.S.C. § 3585(b)(2) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another

2

sentence."). Dupree argues that he can nonetheless receive credit toward his federal sentence under *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), but that decision interpreted a statute that allowed federal defendants to receive credit toward a federal sentence regardless of whether it had been credited toward another sentence. *Id.*at 925. The statute that *Willis* applied, 18 U.S.C. § 3568, was amended in 1987, *see id.* § 3585(b), to "ma[k]e clear that a defendant [can] not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337, 112 S. Ct. 1351, 1355–56 (1992); *see also Dawson v. Scott*, 50 F.3d 884, 887 n.4 (11th Cir. 1995).

The district court did not abuse its discretion when it treated Dupree's motion for summary judgment as a motion for reconsideration. After issuance of the report and recommendation, Dupree moved for summary judgment on the ground that the government failed to dispute that he was entitled to relief under *Willis*, but that issue had already been addressed by the magistrate judge. In the report, the magistrate judge mentioned that the government had "completely failed to address" the *Willis* argument and then rejected that argument as lacking merit. Based on those events, the district court was entitled to "ignore the legal label that [Dupree] attache[d] to [his] motion and recharacterize" it as a motion for reconsideration, which "better correspond[ed] [to its] substance . . . and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381–82, 124 S. Ct.

3

786, 791–92 (2003). The district court reasonably construed Dupree's motion as seeking reconsideration of his argument for relief under *Willis*.

We also lack jurisdiction to consider Dupree's challenge to the denial of his second motion for reconsideration. Dupree failed to mention the order denying his second motion in his original notice of appeal or in his amended notice. *See Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1528 (11th Cir. 1987).

We **AFFIRM** the denial of Dupree's petition for a writ of habeas corpus.