# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30913
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 22, 2016

Lyle W. Cayce
Clerk

JERRY LYNN HIGH,

Petitioner-Appellant

v.

C. MAIORANA,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:14-CV-3075

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jerry Lynn High, federal prisoner # 85063-071, appeals the denial of his 28 U.S.C. § 2241 petition challenging the computation of his concurrent 30-year federal sentences for possession of cocaine and attempted possession of cocaine. High contends that the Bureau of Prisons (BOP) failed to credit him for the time he spent in state presentence detention between the commission of his federal offenses and the start of his multiple state sentences for drug

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trafficking, totaling 70 years of incarceration, which were run concurrently with his federal sentences. *See* BOP Program Statement 5880.28, Sentence Computation Manual, 7/19/99, p. 1-22. On appeal from the denial of a § 2241 petition, we review the district court's factual findings for clear error and its conclusions of law de novo. *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003).

A federal prisoner is entitled to credit against his sentence for any time spent in official nonfederal detention between the date of his commission of the federal offense and the start of his federal sentence, so long as that time "has not been credited against another sentence." 18 U.S.C. § 3585(b); *see United States v. Wilson*, 503 U.S. 329, 337 (1992). The pleadings and record establish that High committed the instant federal offenses, at the latest, on January 26, 1989; that he was arrested on state drug charges on June 19, 1989; that his state drug trafficking sentences commenced on January 22, 1991; and that his federal sentences began on July 17, 1991. The record further reflects that 582 days of state presentence detention—between June 19, 1989, and January 22, 1991—were credited against High's state sentences. Based thereon, the BOP determined that § 3585(b) barred High from applying his already-credited state presentence detention time against his federal sentence.

High asserts that he is excepted from § 3585(b)'s double-credit prohibition because his concurrent state sentences were fully discharged in 2009, causing his nonfederal full-term date to become shorter than his federal full-term date of 2021. *See Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971); *Kayfez v. Gasele*, 993 F.2d 1288, 1289-90 (7th Cir. 1993); BOP Program Statement 5880.28, Sentence Computation Manual, 7/19/99, p. 1-22. To the contrary, High's early discharge from state custody had no bearing on his applicable nonfederal full-term date because the BOP calculates a prisoner's

No. 15-30913

time-served credits as of the date he enters federal custody using his "raw" (as-imposed) nonfederal full-term date, not the date on which his nonfederal sentence actually expires. *See Kayfez*, 993 F.2d at 1290; *Wilson*, 503 U.S. at 335; BOP Program Statement 5880.28, Sentence Computation Manual, 7/19/99, p. 1-22. Because at the time he entered federal custody High's "raw" 70-year state term of incarceration dwarfed his concurrent 30-year federal sentences, the BOP correctly determined that he was not entitled to double credit for the 582 days he spent in presentence state detention. *See* § 3585(b); *Willis*, 438 F.2d at 925. Accordingly, we find no error in the district court's denial of relief under § 2241. *See Miles*, 342 F.3d at 381; *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000).

AFFIRMED.