[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10788
Non-Argument Calendar

_____

D.C. Docket No. 3:17-cv-00662-LC-CAS


BRIAN COREY CAMPBELL,

                                                         Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,
FCI MARIANNA WARDEN,
Blackmon,

                                                         Respondents-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 8, 2019)


Before WILLIAM PRYOR, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

Brian Campbell, a federal prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2241 petition for writ of habeas corpus. No reversible error has been shown; we affirm.

In January 2008, Campbell was convicted of a federal drug trafficking offense and was sentenced to 78 months of imprisonment, to be followed by 5 years of supervised release. Campbell began his term of supervised release in May 2013.

On 12 January 2015 -- while still on supervised release -- Campbell was arrested by Florida police; he was charged with two state drug offenses. Shortly thereafter, the federal district court issued an arrest warrant for Campbell on grounds that Campbell had violated the terms of his supervised release.

On 4 June 2015, the Florida state court sentenced Campbell to a total of 24 months' imprisonment for his state drug offenses. The Florida state court judgment ordered that Campbell's state sentences "run concurrent with one another, concurrent and coterminous with any federal sentence."

Campbell completed his state sentence on 21 September 2016; Florida authorities then released Campbell to the U.S. Marshals Service, pursuant to the

2

outstanding federal warrant for Campbell's arrest.  On 1 November 2016, the district court revoked Campbell's supervised release and sentenced Campbell to 37 months' imprisonment.

In his section 2241 petition, Campbell asserted that the Bureau of Prisons ("BOP") erred in computing his prior-custody credit.  Briefly stated, Campbell contends that -- because the state court ordered his state sentence to run concurrent and coterminous with his federal sentence -- the time he spent in state custody should be credited toward his 37-month federal sentence.[*]  The district court denied Campbell's petition.

We review <u>de novo</u> the district court's denial of a section 2241 petition. <u>Santiago-Lugo v. Warden</u>, 785 F.3d 467, 471 (11th Cir. 2015).  We construe liberally <u>pro se</u> pleadings.  <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).

As an initial matter, we reject Campbell's contention that his state sentence was to run concurrent and coterminous with Campbell's already-served 2008 federal sentence, such that his state sentence was satisfied the moment it was

---

[*] Campbell contends he is entitled to a <u>nunc pro tunc</u> designation or to <u>Willis/Kayfez</u> credits. <u>See Willis v. United States</u>, 438 F.2d 923, 925 (5th Cir. 1971) (a defendant serving concurrent federal and state sentences may be entitled to jail credit for time spent in state custody if defendant was denied release on bail because of a federal detainer lodged against him); <u>Kayfez v. Gasele</u>, 993 F.2d 1288, 1290 (7th Cir. 1993) (same).  Because we conclude that Campbell's state and federal sentences, as a matter of law, were consecutive to each other -- not concurrent -- these doctrines are inapplicable.

3

imposed.  The record makes clear that -- in ordering Campbell's state sentence to run concurrent and coterminous with his federal sentence -- the state court contemplated only a future-imposed federal sentence.

We also reject Campbell's argument that the state court's judgment mandates that Campbell's state sentence run concurrent or coterminous with his federal sentence for violating his supervised release.  We have said -- and the state court judge explained during Campbell's sentencing proceedings -- that "a federal court is authorized to impose a federal sentence consecutive to a state sentence, although the state court explicitly made its sentence concurrent with the federal sentence."  See Finch v. Vaughn, 67 F.3d 909, 915 (11th Cir. 1995) (explaining that adherence to the state court's imposition of concurrent state and federal sentences "would encroach upon the federal court's sentencing authority 'by, in effect, eliminating the federal sentence.'").  Moreover, under the pertinent federal sentencing guidelines, Campbell's sentence (imposed in federal court) for violation of his supervised release was required to run consecutive to his earlier-imposed state sentence.  See U.S.S.G. § 7B1.3(f); cf. 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").

We next consider the BOP's bare computation of Campbell's prior-custody credits.  The Attorney General (through the BOP) is responsible for computing a prisoner's sentence, including applying prior-custody credits pursuant to 18 U.S.C. § 3585(b).  United States v. Wilson, 112 S. Ct. 1351, 1354-55 (1992).  Under section 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."  18 U.S.C. § 3585(b) (emphasis added).  In construing this statutory language, the Supreme Court has said that "Congress made clear that a defendant could not receive a double credit for his detention time."  See Wilson, 112 S. Ct. at 1355-56.

We conclude that Campbell did receive proper credit for the time he was incarcerated.  First, the state court gave Campbell 144 days of credit for the time he spent in state custody between the day of his arrest (12 January 2015) and the day he was sentenced (4 June 2015).  Campbell then remained in state custody -- serving his state sentence -- between 4 June 2015 and 21 September 2016.  Because each day that Campbell spent in state custody was already credited towards Campbell's state sentence, that time cannot also now be credited towards Campbell's federal sentence.  See 18 U.S.C. § 3585(b); Wilson, 112 S. Ct. at 1355-56.

5

Second, in calculating Campbell's federal sentence, the BOP gave Campbell 40 days of prior-custody credit for time Campbell spent in federal custody between the completion of his state sentence (21 September) and the day his federal sentence commenced (1 November 2016).  Because Campbell was credited properly for each day spent in custody, the district court committed no error in denying Campbell's section 2241 petition.

AFFIRMED.