**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2449
_____

RONALD GARRIS, JR.,
                                    Appellant

v.

WARDEN FAIRTON FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-21-cv-14466)
District Judge:  Honorable Robert B. Kugler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 6, 2024

Before:  BIBAS, PORTER, MONTGOMERY-REEVES, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  June 17, 2024)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Ronald Garris, Jr. appeals from the District Court's denial of his habeas corpus petition under 28 U.S.C. § 2241. For the following reasons, we will affirm.

I.

On June 22, 2013, Garris was arrested by New Jersey state authorities related to a charge for hindering prosecution and providing false information to law enforcement. On July 31, 2013, he was released from custody on bond. On September 17, 2013, he was again arrested by New Jersey state authorities related to a charge for conspiracy to engage in human trafficking.

On May 1, 2015, state authorities released Garris to federal authorities related to his federal charges. On December 9, 2015, Garris pleaded guilty in the United States District Court for the District of New Jersey to one count of knowingly harboring a juvenile to engage in a commercial sex act in violation of 18 U.S.C. § 1591(b)(2). The District Court sentenced him to 144-months imprisonment. On January 29, 2016, Garris received a total aggregate sentence of 14-years imprisonment on his state charges.

The Bureau of Prisons ("BOP") prepared a sentence computation for Garris based on his federal term of imprisonment. The BOP calculated his federal sentence as beginning on December 9, 2015, the date of his sentence. The BOP applied prior custody credit to Garris' federal sentence from June 22, 2013 through July 31, 2013 (prior

2

custody credit for time spent in state custody), as well as from May 2, 2015 through December 8, 2015 (presentence time spent in federal custody).[1]

In August 2021, Garris filed a federal habeas petition pursuant to § 2241, challenging the calculation of his federal sentence by the BOP. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009) ("A challenge to the BOP's execution of a sentence is properly brought under 28 U.S.C. § 2241."). The Respondent opposed his § 2241 petition and Garris replied. On July 27, 2023, the District Court entered an order denying the petition as meritless and specifically explaining that the Kayfez rule,[2] upon which Garris' argument relies, is inapplicable to his case. Garris appeals.

## II.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and review factual findings for clear error. See Cradle v. United States ex rel. Miner, 290, F.3d 536, 538 (3d Cir. 2002) (per curiam).

## III.

We agree with the District Court's conclusion that Kayfez is inapplicable to Garris' case and that the BOP did not err in calculating his sentence.

---

[1] The BOP did not award him time credit for nonfederal presentence custody from September 7, 2013 to May 1, 2015 because that was awarded to his state sentence.

[2] As further explained below, the Kayfez rule provides an exception to 18 U.S.C. § 3585(b)'s bar on double counting time-served credits. See BOP Program Statement 5880.28.

The crux of Garris' argument is that the BOP miscalculated his sentence by incorrectly awarding him presentence time credit for the period of May 2, 2015 to December 8, 2015, in violation of 18 U.S.C. § 3585(b), because the State of New Jersey awarded him credit for that time. He further argues that the BOP's error for this period made him ineligible for additional credit under Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993), which he should be eligible for.

In calculating a federal prisoner's sentence, the BOP determines: (1) when the federal sentence commenced, and (2) whether there are any credits to which the prisoner may be entitled. See 18 U.S.C. § 3585. First, the BOP correctly determined that, pursuant to § 3585(a), Garris' federal sentence commenced on December 9, 2015. Second, as noted above, the BOP awarded Garris credit for two periods of time: (1) June 22, 2013 through July 31, 2013, time spent in state custody; and (2) May 2, 2015 through December 8, 2015, time spent in federal presentencing custody.

Section 3585(b) prohibits "double counting," meaning that, while a federal prisoner can receive credit for certain time spent in official detention before his sentence begins, he cannot receive credit for time that has already been credited against another sentence. See United States v. Wilson, 503 U.S. 329, 337 (1992) ("[A] defendant [can] not receive a double credit for his detention time."). Garris' argument invokes the rule announced in Kayfez, which represents an exception to § 3585(b)'s prohibition against double counting.[3] Pursuant to Kayfez, the BOP will grant an amount of qualified double

---

[3] The Kayfez rule, like the rule announced in Willis v. United States, 438 F.2d 923 (5th Cir. 1971) (per curiam), is applied nationwide by way of BOP Program Statement

4

credit if the following conditions are present: (1) the state and federal sentences are concurrent, (2) the state raw effective full term ("EFT") is greater than the federal EFT; and (3) the state EFT, after application of *qualified non-federal presentence time*, is reduced to a date that is earlier than the federal EFT. See BOP Program Statement 5880.28, at 1-22B to 1-23A. The purpose behind this rule is to address situations where credit against a concurrent state sentence "would not benefit [the defendant] except that . . . he would be serving only one sentence instead of two concurrent ones. Crediting [the disputed period] against his federal sentence will correct the problem.'" Kayfez, 993 F.2d at 1290.

As the District Court correctly concluded, the time period that Garris has highlighted, May 2, 2015 through December 8, 2015, was *federal presentence time* and thus that period is inapplicable to the Kayfez analysis. Moreover, as accurately calculated by the District Court, after applying the qualified non-federal presentence time, Garris' nonfederal adjusted EFT is still later than his raw federal EFT, rendering Kayfez inapplicable. District Court Opinion, Dkt No. 15, at 4. For these reasons, the District Court was correct to deny Garris' § 2241 petition.

IV.

Accordingly, we will affirm the District Court's judgment.

---

5880.28.