**Michael D. KAYFEZ, Petitioner–Appellant,**

v.

**G.R. GASELE, Respondent–Appellee.**

**No. 92–2444.**

United States Court of Appeals, Seventh Circuit.

Submitted March 2, 1993.*

Decided May 18, 1993.

Michael D. Kayfez, pro se.

Mark A. Cameli, Asst. U.S. Atty., Madison, WI, for respondent-appellee.

Before POSNER and KANNE, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

Michael Kayfez is currently confined at the federal prison in Oxford, Wisconsin, following his convictions for possessing counterfeit reserve notes and an unregistered silencer. On April 8, 1992, Kayfez filed a petition for a writ of habeas corpus, claiming that federal authorities miscalculated the jail time to be credited against his sentence. The district court found the calculations appropriate and thus denied Kayfez's petition.

## I. BACKGROUND

On October 26, 1988, California state police arrested Kayfez after a legally-executed search of his home produced counterfeit federal reserve notes, a homemade silencer, and evidence of falsely-registered vehicles. On October 31, a federal detainer was filed, and he remained in custody. On June 28, 1989, Kayfez pleaded guilty to state charges of Vehicle Theft and False Registration of Vehicles. The state court deferred his sentencing for these offenses.

Two months later, Kayfez appeared before a federal court pursuant to a writ of habeas corpus ad prosequendum and pleaded guilty to possessing counterfeit reserve notes and an unregistered silencer. On December 15, 1989, the federal court sentenced Kayfez to fifty-seven months imprisonment, followed by three years of supervised release.

---

* After preliminary examination of the briefs, the court notified that parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs.

Kayfez then returned to state custody. On January 12, 1990, the state court sentenced Kayfez to consecutive sentences of imprisonment aggregating seven years, to run concurrently with his federal sentence, and credited 416 days against the state sentences. The court apparently intended to subtract from the seven years the time that Kayfez had already spent in custody before the state court sentencing, but it miscalculated the number of days, crediting 416, although Kayfez had actually served 443. On May 23, 1990, the state court vacated Kayfez's sentence, and continued the matter for further proceedings in September, Kayfez having waived his right to be present. On May 29, the state authorities turned him over to federal custody and thereafter he arrived at FCI Oxford. On October 4, 1990 the state court sentenced him to five years in prison, with credit for 547 days. This number represented the 416 days for which Kayfez had been given credit in the January sentence plus approximately the number of days served under those sentences.

When Kayfez entered the federal prison at Oxford on June 18, 1990, he received a letter awarding him full credit for his presentence detention time. On August 16, 1990, Kayfez received another letter, which revised the calculation. The Bureau of Prisons (Bureau) agreed to subtract twenty-seven days to account for California court miscalculation, but it refused to subtract the additional detention time. The Bureau explained that 18 U.S.C. § 3585(b), authorized credit for presentencing detention time only if that time had not been credited against another sentence.

Kayfez sought administrative review of the Bureau's decision, then filed a petition for a writ of habeas corpus. 28 U.S.C. § 2241. In his petition, Kayfez requested credit to his federal sentence for all of his pre-sentencing custody time. Although he acknowledged this time had been credited against his state sentence, Kayfez claimed that, because his sentences are concurrent, crediting only against the state sentence would not reduce his period of actual imprisonment.

## II. ANALYSIS

On appeal, as in district court, Kayfez relies on 18 U.S.C. § 3585(b) which provides:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commencement of the offense for which the sentence was imposed;

that has not been credited against another sentence.

The Attorney General, acting through the Bureau of Prisons, makes the calculations "as an administrative matter when imprisoning the defendant." *United States v. Wilson,* — U.S. —, —, 112 S.Ct. 1351, 1355, 117 L.Ed.2d 593 (1992).

There is no dispute that the time for which credit is sought qualifies for credit. The state and federal offenses are not the same. Arguably, however, Kayfez was arrested on the state charge after he commenced his federal offenses, and thus § 3585(b)(2) was fulfilled. In addition, a federal detainer was filed within five days of the arrest, so that his official detention from then on may well have resulted from his federal offenses, fulfilling (b)(1). *United States v. Haney,* 711 F.2d 113, 114 (8th Cir.1983). In any event the government makes no argument that any of the period of detention does not qualify for credit. It argues only that 416 of the 443 days prior to January 12, 1990 have been credited against another sentence.

The Bureau of Prisons treats Kayfez's federal sentence as if it commenced to run January 12, 1990 (this has the effect of crediting him with the time spent in state custody from January 12 until May 29, 1990, so that the period in dispute remains 416 of the 443 days in official custody prior to January 12). As of January 12 he had indeed received credit of 416 days against concurrent state sentences (consecutive to each other), aggregating seven years. Assuming, as the Bureau does for this purpose, that a state seven-year sentence runs seven years, Kayfez would have to serve 27 months after expiration of his federal sentence, and the 416 days credit allowed by the state court would have shortened his imprisonment by that much,

could be deemed an effective credit against another sentence, and would not be allowed against the federal sentence under § 3585(b).

We do not adopt that solution to the problem for several reasons: (1) It was not until August 22 that the Bureau retroactively designated the California Department of Corrections as the facility for the service of the federal term, thus making the federal sentence commence January 12, 1990 rather than May 29, 1990 when Kayfez was actually received in federal custody; (2) By August 22, the concurrent state sentences had been vacated, and it would be unreasonable to consider as a "[credit] against another sentence," an allowance of credit against a vacated sentence. Indeed a Federal Prison System Program statement, Number 5880.74, September 5, 1979 (when former 18 U.S.C. § 3568 was in effect) recognizes that "Failure to give jail credit [by the state] may be assumed ... [when] ... the state sentence is vacated with further prosecution deferred, thereby effectively vacating the state's award of jail credit"; and (3) On this appeal the government does not argue in support of this solution.

As of May 29, when Kayfez was received in federal custody, there was no longer a state sentence which credited prior official detention. Kayfez argues that under the statute his sentence commenced on that date, and at that time there was no allowance of credit against another sentence. Accordingly he should have credit for all jail time (and presumably also for his time in state custody between January 12 and May 29). The government argues, however, that the October 4, 1990 concurrent state sentence with a credit of 547 days jail time (the 416 days allowed in January plus 131, apparently for time served under the vacated sentence) can be considered even though this sentence was imposed and credit allowed after the beginning of the federal sentence. Under the circumstances, where further state proceedings were contemplated when the January 12 concurrent sentence was vacated, we think it realistic and reasonable to consider the allowance made in the October state sentence and the credit therein allowed.

The Bureau looks at the full "raw" term of a concurrent sentence in this sort of situation, and points out that five years from October 4, 1990 will expire October 3, 1995, after October 11, 1994, when the 57–month federal sentence will expire. It is true that Kayfez's actual imprisonment under the state sentence is considerably shorter. By operation of various California rules, Kayfez's state sentence expired January 21, 1992. The Bureau appears to justify its exclusive consideration of the full term as a matter of administrative convenience. To do otherwise would require the Bureau in all similar cases to consider the complexities and details of rules which vary from state to state, and we think the Bureau's exclusive reliance on the full term is reasonable.

But finally the Bureau seems to say that if a concurrent other term is longer, a credit against it prevents a credit against the federal term, even if the difference between the terms is less than the amount of the credit. We conclude that this is not a reasonable interpretation of the statute.

In the case before us, the state raw term will expire 358 days (as we compute it) after the raw term of the federal sentence. It is impossible to have an effective credit of 416 days within the 358. The remaining 58 days credit would shorten the state term, but would not benefit Kayfez except that during 58 days he would be serving only one sentence instead of two concurrent ones. Crediting an additional 29 days against his federal sentence will correct the problem.

The judgment is VACATED and the cause is REMANDED with directions to order Kayfez released upon arrival of a date consistent with credit under § 3585(b) of the 27 days allowed by the Bureau and an additional 29 days.