

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-31-2006

# Allan v. Johns

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2726

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Allan v. Johns" (2006). *2006 Decisions*. Paper 268.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/268

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-19                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-2726

———————

YASER ALLAN,
                                        Appellant

v.

TRACY JOHNS, Warden

———————

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-00194)
District Judge: Honorable Kim R. Gibson

———————————————
Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
October 19, 2006

Before: BARRY, AMBRO AND FISHER, CIRCUIT JUDGES

(Filed:  October 31, 2006)

———————

OPINION

———————

PER CURIAM

       Yaser Allan appeals the order of the United States District Court for the Western

District of Pennsylvania denying his habeas petition filed pursuant to 28 U.S.C. § 2241.

We will affirm.

Allan is incarcerated at the Federal Correctional Institution-Loretto in Pennsylvania. In February 1996, Allan was found guilty of attempted murder and other offenses in the State of New Jersey. He was taken into state custody. On April 1, 1996, he was transferred to federal custody pending trial on federal charges. In May 1996, Allan was found guilty of the charges relating to copyright infringement, trafficking in counterfeit labels, and money laundering. The following year, on May 21, 1997, the federal sentencing court imposed a 132-month prison term. The sentencing order did not contain any reference to the New Jersey sentence. Allan was then returned to state custody for state court sentencing. In July 1997, the state court imposed an eight-to-sixteen year prison sentence, to run concurrent to his federal sentence, with credit for the period spent in custody since his New Jersey conviction in February 1996, plus the day he spent in custody at the time of his arrest.

Allan then sought clarification from the federal sentencing court regarding whether the federal sentence would run concurrently with the New Jersey sentence. On February 12, 1998, the federal sentencing court issued an order, noting that the state court had ordered that the state sentence would run concurrent to the federal sentence, and ordering that the federal sentence "shall run concurrent to his New Jersey sentence, with any time remaining under this sentence thereafter to be consecutive thereto." Allan served time in state prison, until he was paroled from his New Jersey sentence to serve his federal sentence; he arrived at F.C.I.-Loretto on June 17, 2004. The federal Bureau of Prisons has computed Allan's sentence as beginning on the date on which it was imposed, May

21, 1997. Allan received six days of prior custody credit, including time spent in custody after his arrest on federal charges.

After unsuccessfully pursuing administrative remedies, Allan, through counsel, filed his section 2241 habeas petition, challenging the calculation of his federal sentence and seeking immediate release. His challenge was two-fold. First, relying on Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993), Allan argued that he is entitled to receive prior custody credit for the period during which he physically was in federal custody before sentencing, even though that period already had been credited against his New Jersey sentence. Second, Allan argued that, under the terms of his federal sentencing order and application of section 5G1.3(c) of the United States Sentencing Guidelines, he is entitled to prior custody credit for all of the time served under his state sentence before his federal sentence commenced. The government respondent filed a response to the habeas petition, to which Allan filed a reply.

The Magistrate Judge issued a report and recommendation to grant the writ. Addressing Allan's first argument, the Magistrate Judge cited 18 U.S.C. § 3585(b), which provides that credit be given for official custody before the federal sentence commences when that period has not been credited against another sentence. The Magistrate Judge also noted that the Kayfez v. Gasele rationale for allowing "double credit" did not apply in Allan's case.[1] Nevertheless, the Magistrate Judge recommended granting habeas relief

---

[1] The government argued in its response to the habeas petition that Allan failed to exhaust his administrative remedies regarding his Kayfez claim, and that Allan in fact

3

based on the application of U.S.S.G. § 5G1.3(c), which permits the sentencing court to impose a sentence to run concurrently, partially concurrently, or consecutively to a prior undischarged term of imprisonment. The Magistrate Judge concluded that the February 12, 1998 federal sentencing order imposing a "concurrent" sentence cannot mean "consecutive," and because it does not specify a "partially concurrent" sentence, it must be interpreted to mean that the sentence should run concurrently with the then-undischarged New Jersey sentence.

The government filed objections to the Magistrate Judge's report and recommendation. The government argued that the application of Section 5G1.3(c) is not mandatory, that there was no indicia of intent to adjust Allan's sentence under section 5G1.3(c) in the February 12, 1998 sentencing order or sentencing transcript, and that Allan failed to show any other record evidence to support his position. The District Court rejected the Magistrate Judge's recommendation and denied the habeas petition. Discussing Ruggiano v. Reich, 307 F.3d 121 (3d Cir. 2002), the District Court noted that the federal sentencing court has authority under Section 5G1.3(c) to grant an adjustment for time served on a pre-existing sentence, but the question in Allan's case was whether the sentencing court actually exercised that authority.[2] The District Court distinguished

_____

expressly disavowed any reliance on Kayfez.

  [2] As noted by the District Court, Application Note 3E to U.S.S.G. § 5G1.3 now states that subsection (c) does not authorize an "adjustment" of the sentence for a period of imprisonment already served on the undischarged prison term. However, in an extraordinary case, a sentencing court may apply credit for time served on the

4

the language used in Allan's sentencing order with the facts in <u>Ruggiano</u>. In <u>Ruggiano</u>, the sentencing court's oral and written sentence indicated that the defendant would receive credit for time served on his state sentence, and Section 5G application was specifically requested by the defendant. <u>See</u> <u>id.</u> at 124, 131. Here, the District Court concluded that the use of the term "concurrent" in Allan's February 12, 1998 sentencing order conveyed only an intent that the federal and state sentences were to run concurrently from the date of the federal sentencing, as there was no additional language or evidence that the sentencing judge intended to grant any adjustment of sentence for time served on Allan's state sentence. Thus, the District Court concurred with the Bureau of Prison's calculation of sentence.

Allan filed a timely motion for reconsideration, asserting that the February 12, 1998 order that the federal sentence "shall run concurrent" to his state sentence constituted an express denial of any intent for the federal sentence run only "partially concurrent" with his state sentence. The District Court denied Allan's motion for reconsideration, finding nothing in the sentencing order that indicates such an express denial. Allan appeals pro se.

The sentencing court's February 12, 1998 order states in its entirety:

> 1. Mr. Allen [sic] was sentenced by Judge Steven H. Womac, a New Jersey Superior Court Judge, to 8-16 years in custody for attempted murder and related charges ("New Jersey sentence").

undischarged sentence by way of a downward departure. This application note was added in the 2003 edition of the Sentencing Guidelines Manual.

2. Judge Womac in the sentencing transcript as well as the Order for Commitment ordered that the New Jersey sentence run concurrent to the sentence imposed by this court.

3. It is ORDERED that the sentence imposed by this court shall run concurrent to his New Jersey sentence, with any time remaining under this sentence thereafter to be consecutive thereto.

(Section 2241 Habeas Petition, Exhibit B.)  Upon review of the record, and for substantially the same reasons provided by the District Court, we conclude that the February 12, 1998 order language does not indicate any intent that the federal sentence was to run retroactively concurrent with the state sentence and that Allan's sentence was thereby adjusted for the time served on the state sentence.  Allan pointed to nothing in the record that adequately supports his position in his habeas petition.

Because this appeal presents "no substantial question," we will summarily affirm the District Court's order.  3d Cir. LAR 27.4 and I.O.P. 10.6.