NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 7, 2007[*]
Decided February 8, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-3284

| | |
|---|---|
| MELVIN GRIGSBY, | Appeal from the United States |
| *Petitioner-Appellant,* | District Court for the Southern |
| | District of Illinois |
| *v.* | |
| | No. 03-832-GPM |
| B.A. BLEDSOE, | |
| *Respondent-Appellee.* | G. Patrick Murphy, |
| | *Chief Judge.* |

**O R D E R**

Melvin Grigsby petitioned for a writ of habeas corpus under 28 U.S.C. § 2241 to compel the Bureau of Prisons to credit his federal term with the time he spent in state custody before his federal sentencing.  The district court concluded that federal law prohibits giving Grigsby credit for this period and denied his petition.  We agree and affirm the judgment.

On March 28, 1993, state authorities in California took Grigsby into custody on a robbery charge.  He was convicted in state court, and on August 13, 1993, he

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  Fed. R. App. P. 34(a)(2).

was sentenced to nine years' imprisonment. About a month later, federal authorities executed a writ of habeas corpus ad prosequendum and took custody of Grigsby to answer an indictment charging him with committing a federal drug offense prior to entering state custody. He was convicted of conspiracy to possess with intent to distribute crack cocaine, and on August 19, 1994, he was sentenced to 200 months' imprisonment to run concurrently with his undischarged California sentence. Grigsby was then returned to a California facility, where he remained until he was paroled to federal officials to complete the remainder of his federal sentence.

After exhausting his administrative remedies, Grigsby filed his § 2241 petition claiming that he should have received credit against his federal sentence for the period between his arrest by California authorities on March 28, 1993, and his sentencing in federal court on August 19, 1994. The magistrate judge assigned to review Grigsby's petition recommended that the district court deny it. As to the period before Grigsby's state sentencing (March 28, 1993, to August 12, 1993), the magistrate judge reasoned that the petition was moot because the BOP already had credited this time against Grigsby's federal sentence. As to the period between Grigsby's state sentencing and his federal sentencing (August 13, 1993, to August 19, 1994), the magistrate judge reasoned that 18 U.S.C. § 3585(b), which governs the award of federal credit for periods of prior incarceration, prohibited crediting this period against Grigsby's federal sentence because the California Department of Corrections already had credited the time against his state sentence. *See* 18 U.S.C. § 3585(b). The magistrate judge further concluded that BOP Program Statement 5880.28(2)(c), which allows credit for time spent in "nonfederal presentence custody" in certain instances where the federal and state sentences run concurrently, did not provide an alternate basis for awarding the credit Grigsby sought. *See* Program Statement 5880.28(2)(c), *Sentence Computation Manual of 1984.*

The magistrate judge notified Grigsby that he had just ten days to file any objections to the proposed resolution of his § 2241 petition. The notice warned that failure to object would result in a waiver of the right to appeal. Within ten days, Grigsby filed a single page entitled "Objections," which reads in full:

> Petitioner respectfully objects to the magistrate judge, Report and Recommendation/Proposed Findings of Fact and Conclusions of Law.

> If petitioner is allowed to file additional papers will the court please inform petitioner of the time limit for doing so.

Afterward the district court adopted in full the magistrate judge's proposed resolution. Citing Federal Rule of Civil Procedure 72(b), which provides that any party disagreeing with a magistrate judge's report and recommendation on a dispositive motion must file "specific, written objections," the district court concluded that it need not undertake *de novo* review in this case because Grigsby's submission was so general. *See* Fed. R. Civ. P. 72(b). Nonetheless, the court noted that it "fully agree[d]" with the magistrate judge's "findings, analysis, and conclusions." The court then dismissed Grigsby's petition and later denied his motion for reconsideration.

On appeal Grigsby presses his contention that his petition should have been granted to the extent that it seeks credit against his federal sentence for the period between his California sentencing on August 13, 1993, and his federal sentencing on August 19, 1994. Before reaching that argument, however, we must address the government's argument that Grigsby failed to comply with Rule 72(b) and thus waived the right to challenge the dismissal of his § 2241 petition. A party who fails to abide by that rule waives appellate review of both factual and legal questions. *See United States v. Hall,* 462 F.3d 684, 688 (7th Cir. 2006). The government argues that Grigsby's submission fails to fulfill Rule 72(b)'s mandate that a party file "specific" objections. *See* Fed. R. Civ. P. 72(b).

We have interpreted "specific" as used in Rule 72(b) to require only that a party "specify each issue for which review is sought and not the factual or legal basis for the objection." *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 741 (7th Cir. 1999). The magistrate judge addressed only the facts and law relating to whether Grigsby was entitled to presentence credit. Since this question is the only question presented by Grigsby's § 2241 petition, and given that Grigsby was proceeding *pro se*, we conclude that his timely objection was sufficient under Rule 72(b) to preserve his challenge on appeal. *See United States v. Sawaf,* 74 F.3d 119, 122 (6th Cir. 1996) (*pro se* litigants' letter stating only that "[w]e object to the report and recommendation" satisfied Rule 72(b) given the limited nature of the legal question presented), *cited with approval in Johnson,* 170 F.3d at 741.

We therefore take up the merits. Our review is *de novo. Glaus v. Anderson,* 408 F.3d 382, 386 (7th Cir. 2005). Grigsby acknowledges § 3585(b), which prohibits the BOP from giving credit for prior custody that already has "been credited against another sentence." 18 U.S.C. § 3585(b). Grigsby further admits that California authorities already credited the disputed time period against his state sentence. But relying on Program Statement 5880.28(2)(c) and our decision in *Kayfez v. Gaselle,* 993 F.2d 1288 (7th Cir. 1993), Grigsby insists that the same period should be credited against his federal sentence because that sentence was ordered to run concurrently with his California sentence. Grigsby is mistaken.

Program Statement 5880.28(2)(c) provides that if a prisoner's federal and state sentences are concurrent, and the federal sentence is to run longer than the state sentence (not counting any credits), "[p]rior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the fist sentence begins to run, federal or non-federal." Program Statement 5880.28(2)(c). The BOP refers to these credits as "*Willis* time credits." *See Willis v. United States,* 438 F.2d 923 (5th Cir. 1971).

We recognized in *Kayfez v. Gaselle,* 993 F.2d 1288 (7th Cir. 1993), that by sanctioning *Willis* time credits the BOP often permits what amounts to a form of "double counting," despite the language in § 3585(b). *See Kayfez,* 993 F.2d at 1290. In *Kayfez,* the BOP had refused to credit against the petitioner's federal sentence the time he spent in state custody before receiving his first sentence (federal in that case) because that time already had been credited to his concurrent state sentence. *Id.* at 1289. The BOP insisted that, because his state sentence was longer than his federal sentence, the period he sought credit for did not qualify as "*Willis* time." *Id.* at 1290. We concluded, however, that because the petitioner had been in presentence custody for 416 days, and his state sentence was longer than his federal sentence by only 358 days, he needed a 58-day credit to his federal sentence in order to receive the full benefit of the 416-day credit he technically had received. *Id.*

But Grigsby's reliance on that line of reasoning is misplaced: the time for which he seeks credit is not "*Willis* time" because it was not time spent in non-federal *presentence* custody. *See* Program Statement 5880.28(2)(c). (The BOP already credited that period—March 28, 1993 to August 12, 1993—to his sentence.) The disputed period—August 13, 1993 to August 19, 1994—all arose after Grigsby's state sentencing, and since he obtained credit for this period from the state, he is not entitled to the same benefit from the BOP merely because his subsequent federal sentence was ordered to run concurrently. *See Rios v. Wiley,* 201 F.3d 257, 273 n.13 (3d Cir. 2000) (concluding that reasoning in "*Willis/Kayfez* line of cases" does not extend to permit federal credit for time served after concurrent state sentence was imposed). By its plain language, § 3585(b) prohibits such a credit. *See* 18 U.S.C § 3585(b); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000) ("[Section] 3585(b) forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence.").

Accordingly, we AFFIRM the dismissal of Grigsby's petition for a writ of habeas corpus.