

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2007

# Carmona v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4650

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Carmona v. Williamson" (2007). *2007 Decisions.* Paper 1076.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1076

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4650
_____

CESAR F. CARMONA,

<u>Appellant</u>

v.

TROY WILLIAMSON

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-0022)
District Judge: Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
April 20, 2007

Before: SLOVITER, MCKEE AND AMBRO, <u>CIRCUIT JUDGES</u>

(Filed: May 22, 2007 )

_____

OPINION
_____

PER CURIAM

     Cesar Carmona, a prisoner currently incarcerated at the United States Penitentiary

at Canaan in Waymart, Pennsylvania, appeals the denial of his petition for a writ of

habeas corpus. For the following reasons, we will affirm.

Carmona pled guilty to various state criminal charges, and the Superior Court of Delaware sentenced him to an eight-year term of imprisonment on November 28, 2000. In 2001, the United States District Court for the District of Puerto Rico issued a writ of habeas corpus ad prosequendum ordering state authorities to produce Carmona so that he could face federal criminal charges. In 2002, Carmona pled guilty in the District Court to one count of being a felon in possession of a firearm and was sentenced to a term of ninety-six months' imprisonment to be served concurrently with his Delaware sentence. Carmona then returned to Delaware to serve the remainder of his state sentence. He left state custody on December 12, 2003, after the Superior Court of Delaware granted his motion for a reduced sentence, and was immediately taken into federal custody. Shortly thereafter, the Federal Bureau of Prisons ("BOP") calculated that Carmona's ninety-six-month federal sentence commenced on the date it was imposed by the District Court (December 27, 2002) and credited him for time served from that date until his December 12, 2003 transfer into federal custody. The BOP also credited him for time served prior to the date his state sentence commenced.

Carmona has filed the instant petition pursuant to 28 U.S.C. § 2241 for the purpose of challenging the duration of his federal sentence. He argues that he is entitled to a shorter sentence based on his twenty-five months of confinement from the date of his state sentencing until the date of his federal sentencing. The United States District Court

2

for the Middle District of Pennsylvania denied the petition, and Carmona now appeals.

We agree with the District Court that the BOP did not err in denying Carmona credit for time served pursuant to his state sentence. Federal law expressly precludes the BOP from crediting a prisoner for time served prior to commencement of a federal sentence if such time has already been credited towards another sentence. 18 U.S.C. § 3585(a)-(b); United States v. Wilson, 503 U.S. 329, 337 (1992). Because the twenty-five-month period preceding the commencement of Carmona's federal sentence counted towards his state sentence, the BOP was not permitted to credit him for that period of confinement. Consequently, Carmona is also not entitled to credit for the fourteen months that he was detained pursuant to the ad prosequendum writ.[1] See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002) abrogated on other grounds by Application Note 3(E) to U.S.S.G. § 5G1.3. Carmona also raises an argument based on a limited exception to the rule against double credit stated in Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993), but the District Court correctly concluded that Kayfez is inapposite to this case.

Carmona also claims that the BOP's calculation was contrary to the terms of his plea agreement and the District Court's sentencing order, both of which expressly indicate

---

[1] We do not address the merits of Carmona's claim that fourteen months' detention pursuant to an ad prosequendum writ transmutes into federal custody, because he is asserting this claim for the first time on appeal. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).

that the federal sentence was to run concurrently with the state sentence. He appears to argue that the BOP improperly ignored the sentencing judge's decision to adjust his federal sentence to account for time already served pursuant to the undischarged state sentence. To the extent he does so, we find this argument meritless because there is no evidence indicating that the sentencing judge intended such an outcome. See Ruggiano, 307 F.3d at 132-33; Rios v. Wiley, 201 F.3d 257, 265-68 (3d Cir. 2000).

After thoroughly reviewing the record, we conclude that Carmona has not shown that he is entitled to habeas relief. We will therefore affirm the judgment of the District Court.