**Emmett NELSON, Appellant**

v.

**Warden John YOST.**

No. 09–1806.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Jan. 21, 2010.

Opinion filed Jan. 26, 2010.

Emmett Nelson, Loretto, PA, pro se.

Robert L. Eberhardt, Esq., Christy C. Wiegand, Esq., Office of the United States Attorney, Pittsburgh, PA, for Warden John Yost.

Before: McKEE, FUENTES and NYGAARD, Circuit Judges.

OPINION

PER CURIAM.

Appellant Emmett Nelson appeals from the order of the United States District Court for the Western District of Pennsylvania entered on February 4, 2009, denying his petition for a writ of habeas corpus. For the following reasons, we will affirm the District Court's judgment.

## I. *Background*

In June 2003, Emmett Nelson was arrested on New York state drug and firearm charges. He was released on bond on July 24, 2003. On August 9, 2003, he was arrested on a related federal charge of possession of a weapon in furtherance of a drug trafficking crime. *See* 18 U.S.C. § 924(c)(1). Nelson pleaded guilty to both the state and federal charges. In February 2004, the state court sentenced Nelson to a term of one to three years of imprisonment. Shortly thereafter, the District Court sentenced Nelson to 60 months of imprisonment.

Nelson served his state sentence first, beginning in June 2004. After completing that sentence, he was transferred to federal custody. He began serving his federal sentence on June 17, 2006, and received no credit towards his federal sentence based upon his prior state custody. His projected release date is in October 2010.

In March 2007, after exhausting his administrative remedies within the prison grievance system, Nelson petitioned for a

writ of habeas corpus pursuant to 28 U.S.C. § 2241. Nelson claimed that the Bureau of Prisons ("BOP") did not properly compute his federal sentence. The Magistrate Judge recommended that Nelson's petition be denied. On September 29, 2009, the District Court adopted the Magistrate Judge's Report and Recommendation and denied Nelson's petition.

Nelson moved for reconsideration, explaining that he had objected to the Report and Recommendation, but that his objections had not been timely received by the District Court. He also argued that the delay was excusable because it was attributable to the prison's mail system. The Magistrate Judge recommended granting the motion for reconsideration but denying the habeas corpus petition in any event. On February 4, 2009, the District Court vacated the initial denial of the habeas corpus petition, considered Nelson's objections, and then reinstated the denial.

Proceeding *pro se*, Nelson timely filed a notice of appeal.

## II. *Analysis*

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253. We exercise plenary review over the District Court's denial of the petition for a writ of habeas corpus. *See Marshall v. Hendricks*, 307 F.3d 36, 50 (3d Cir.2002).

Nelson claims that, when New York released him on bail on July 24, 2003, New York state relinquished primary jurisdiction over him. Because he was no longer in state custody, he claims, he should receive credit towards his federal sentence for the period from his arrest on the federal charges on August 9, 2003, until his return to New York state custody on June 1, 2004.[1] Nelson does not dispute that he received credit toward his state sentence for the 306 days he was imprisoned between August 9, 2003 and June 10, 2004. Instead, Nelson claims that he is entitled to credit towards *both* sentences for that approximate ten-month period.

Because Nelson had already received credit toward his state sentence for the disputed period, the District Court correctly concluded that Nelson could not receive double credit for that time under 18 U.S.C. § 3585(b). Section 3585(b) provides: "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences .... that has not been credited against another sentence." Thus, under the plain language of the statute, the BOP is barred from crediting Nelson's federal sentence for the time he spent in custody that was already credited toward his state sentence. *See* 18 U.S.C. § 3585(b); *see also United States v. Wilson*, 503 U.S. 329, 337, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) (stating that Congress made clear in § 3585(b) that a prisoner can "not receive double credit for his detention time").

On appeal, Nelson contends that "[t]he B.O.P. has permitted an award of presentence credit under section 3585(b) in circumstances even when the same period of detention was credited against a prior sentence," citing this Court's decision in *Rios v. Wiley*, 201 F.3d 257 (3d Cir.2000), superceded by statute as recognized in *United States v. Saintville*, 218 F.3d 246

---

1. Initially, Nelson argued that because he had completed a three year state sentence, which the state court judge had ordered to be served concurrently with his federal sentence, he should have received three years of credit toward his federal sentence. However, Nelson has since conceded that a sentence under 18 U.S.C. § 924(c) cannot run concurrently with another sentence.

(3d Cir.2000). Nelson's reliance on *Rios* is misplaced.

In *Rios*, federal authorities took custody of Rios, a state prisoner, for a period of 22 months pursuant to a writ of habeas corpus *ad prosequendum*. When ultimately sentenced on federal charges, the terms of Rios's federal sentence expressly directed that it was to be served concurrently with Rios' state sentence and would include "credit for time served." In affirming the District Court's grant of habeas corpus relief, we recognized that there are certain very limited exceptions to the application of § 3585(b). *See id.* at 272. However, as a general matter, that provision *bars* the award of "double credit." *See id.* Indeed, contrary to Nelson's argument, we determined that the defendant in *Rios* was not entitled to "double credit" under § 3585(b). *See id.* at 270. Rather, we concluded that, under a since-amended provision of the sentencing guidelines, the sentencing court exercised its discretion to in sentencing Rios by considering the prior time in federal custody as part of the process of determining the reasonable incremental punishment for Rios's crime. *Id.* at 267.[2]

In Nelson's case, in contrast to *Rios*, the federal sentence that Nelson was serving could not, as a matter of law, run concurrently with his state sentence. 18 U.S.C. § 924(c)(1)(D)(ii). ("[N]o term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person...."). The District Court lacked the discretion to attempt to provide Nelson with credit for prior time served and it did not attempt do so. Moreover, Nelson offers nothing to convince us that any recognized exception to the § 3585(b) bar on "double credit" could or should apply to his circumstances.[3]

Nelson also argues that the District Court erred by failing to consider his objections to the Magistrate Judge's initial report and recommendation. Although the District Court first denied the petition without considering Nelson's objections, the record shows that the District Court fully and appropriately addressed this alleged error. The District Court granted Nelson's motion for reconsideration and reinstated his habeas corpus petition for the express purpose of considering his objections to the Magistrate Judge's report and recommendation. After doing considering those objections, the District Court once again denied the petition. We find no error in the District Court's approach.

### III.   *Conclusion*

For the foregoing reasons, we will affirm the judgment of the District Court.

---

**2.** The Sentencing Guidelines provision, U.S.S.G. § 5G1.3(c), provided: "In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." That section was amended in 1995 so that sentencing courts are no longer required to tie the imposition of the federal sentence to the other, undischarged term of imprisonment in order to achieve a reason-

able incremental punishment for both. *See Saintville*, 218 F.3d at 249.

**3.** The recognized exceptions to the § 3585(b) bar have to do with serving concurrent sentences of differing lengths. *See e.g., Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir.1993); *Willis v. United States*, 438 F.2d 923 (5th Cir.1971); *see also Rios*, 201 F.3d at 272 n. 13 (discussing the *Willis/Kayfez* exception to § 3585(b)). These exceptions do not apply to Nelson.