**Jihad RASHID, Appellant**

v.

**Francisco QUINTANA.**

No. 09–4079.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Feb. 12, 2010.

Filed: March 25, 2010.

Jihad Rashid, Bradford, PA, pro se.

Robert L. Eberhardt, Esq., Megan E. Farrell, Esq., Laura S. Irwin, Esq., Office of The United States Attorney, Pittsburgh, PA, for Francisco Quintana.

Before: McKEE, RENDELL and CHAGARES, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Appellant Jihad Rashid, a federal prisoner incarcerated at the Federal Correctional Institution, McKean, in Bradford, Pennsylvania, committed four bank robberies in the State of Michigan. On May 25, 1999, he was arrested and taken into state custody and charged with three of the four bank robberies. A criminal complaint then was filed against him in United

States District Court for the Eastern District of Michigan, charging Rashid with the fourth bank robbery in violation of 18 U.S.C. § 2113(a). The United States Attorney filed a petition for writ of habeas corpus *ad prosequendum*, seeking temporary custody of Rashid, and through which federal authorities obtained temporary custody of him. Once in temporary federal custody, Rashid pleaded guilty to the federal bank robbery count. On October 23, 2000, he was sentenced in federal district court to a term of imprisonment of 151 months. That term was later reduced to 139 months. The federal judge's sentencing order was silent as to whether the sentence was to run concurrent with any other sentence.

Rashid was returned to state court, where he pleaded guilty to the remaining three armed robbery charges. He was sentenced in state court on November 14, 2000 to three concurrent terms of 5–20 years, and the state court directed that the state sentences were to run concurrent with the federal sentence. The state court awarded prior custody credit against the state sentence in the amount of 538 days for the time from the date of Rashid's arrest, May 25, 1999, until November 13, 2000, the day before he was sentenced in state court. Rashid was transported to Michigan State Prison to begin serving his state sentence.

Rashid then filed a motion in state court to set aside his state sentences on the ground that the manner in which he was serving his state and federal sentences was not proper. The state court granted the motion and vacated the state sentences, and Rashid was released from state custody to the custody of the United States Marshals Service, pursuant to a federal detainer, on March 7, 2001. The Bureau of Prisons designated Rashid to a federal correctional institution in South Carolina and later designated him to FCI–McKean. On February 14, 2002, the state court resentenced Rashid to the same three concurrent 5–20 year sentences for the state armed robbery convictions. The state court directed that Rashid receive 995 days prior custody credit against his state sentences, and that the state terms run concurrently with his federal sentence. The 995 days of prior custody credit was for the time served between the date of Rashid's arrest, May 25, 1999, and February 13, 2002, the day before he was resentenced in state court.

Once incarcerated at FCI–McKean, the BOP calculated that Rashid's full federal term would expire on May 22, 2012. His projected release date, which takes into account good time credit, was calculated to be November 24, 2010. The BOP effected concurrency of the federal sentence and state sentence to the extent possible through a *nunc pro tunc* designation pursuant to our decision in *Barden v. Keohane,* 921 F.2d 476 (3d Cir.1990). Because of this designation, Rashid's federal sentence began to run on the date it was imposed, October 23, 2000, even though he was still in the custody of the Michigan Department of Corrections on that date. The BOP also determined that Rashid was not entitled to any credit against his federal sentence for the time he spent in state custody from the date of his arrest, May 25, 1999, through October 22, 2000, the day before he was sentenced in federal court, *see United States v. Wilson,* 503 U.S. 329, 337, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) (18 U.S.C. § 3585(b) prohibits double credit).

After exhausting his administrative remedies, Rashid filed a pro se habeas corpus action pursuant to 28 U.S.C. § 2241 in United States District Court for the Western District of Pennsylvania, alleging that the BOP improperly denied him credit

against his federal sentence. He contended that he should be credited for time served in official detention pursuant to a state sentence that was vacated. Following consent by the parties to the jurisdiction of a magistrate judge, 28 U.S.C. § 636(c)(1), and the submission of a response by the Warden of FCI–McKean, the Magistrate Judge denied the habeas corpus petition.

Rashid appeals. The Warden filed a motion for summary affirmance and Rashid filed a motion to proceed *in forma pauperis*. Our Clerk granted him leave to appeal *in forma pauperis* and advised him that his appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. Rashid submitted a response in opposition to summary action, which we have considered.

■ We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. We have jurisdiction under 28 U.S.C. § 1291. The issues raised by the appeal are legal in nature, and we thus exercise plenary review. *Barden*, 921 F.2d at 479. The authority to calculate a federal prisoner's period of incarceration for the federal sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the BOP. *Wilson*, 503 U.S. at 334–35, 112 S.Ct. 1351. We may correct an error by the BOP through a writ of habeas corpus where that error is fundamental and carries a serious potential for a miscarriage of justice. *Barden*, 921 F.2d at 479. We have

carefully reviewed the record and agree with the Magistrate Judge that Rashid is not entitled to the credit he seeks.

Section 3621(b) of Title 18 authorizes the BOP to designate the place of confinement for purposes of serving federal sentences of imprisonment. *See Barden*, 921 F.2d 476. The BOP, through a *nunc pro tunc* designation, saw to it that Rashid would begin receiving credit towards the service of his federal sentence while still in state custody. By designating the Michigan Department of Corrections as the place for Rashid's federal sentence to be served initially, the BOP gave effect to the state judge's decision, to the extent it could, that Rashid should serve his state sentences and federal sentence concurrently.[1]

Moreover, Rashid's federal sentence was properly calculated as commencing on the date it was imposed. A federal sentence commences when the defendant is received by the Attorney General for service of his federal sentence. *See* 18 U.S.C. § 3585(a). *See also United States v. Pungitore*, 910 F.2d 1084, 1118–19 (3d Cir.1990). As a result, a federal sentence cannot begin to run earlier than on the date on which it is imposed. *See United States v. Labeille–Soto*, 163 F.3d 93, 98 (2d Cir.1998). The BOP could not commence Rashid's federal sentence prior to October 23, 2000.

■ Finally, Rashid is not entitled to any credit against his federal sentence for the time spent in official detention prior to October 23, 2000, because 18 U.S.C. § 3585(b) prohibits this double credit. *United States v. Wilson*, 503 U.S. 329, 337, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). *See also Vega v. United States*, 493 F.3d

---

1. Rashid remained in the custody of the State of Michigan from May 25, 1999, the date of his arrest, until he was released on March 7, 2001 into the custody of the U.S. Marshal Service. *See generally Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir.2000) (prisoner not entitled to credit against federal sentence for time spent in federal detention pursuant to writ of habeas corpus *ad prosequendum* "unless and until the first sovereign relinquishes jurisdiction over the prisoner").

310, 314 (3d Cir.2007). As explained by the Magistrate Judge, that time was credited to his state sentence.

In a traverse, Rashid contended that he was entitled to additional prior custody credit pursuant to *Kayfez v. Gasele,* 993 F.2d 1288 (7th Cir.1993). *See* Traverse, at ¶ 5 (citing to 993 F.2d 1288 but incorrectly referring to the case as *"Kaye"*). This contention prompted the BOP to conduct a review of Rashid's sentence. *See* Hazelton Declaration, at ¶ 3. Pursuant to *Kayfez,* the BOP will grant an amount of qualified double credit if the following conditions are present: (1) the non-federal and federal sentences are concurrent; (2) the raw effective full term ("EFT") date of the non-federal term is later than the raw EFT of the federal term; and (3) the non-federal raw EFT, after application of qualified non-federal presentence time, is reduced to a date that is earlier than the federal raw EFT date. *See* BOP Program Statement 5880.28; Hazelton Declaration, at ¶ 6. The raw EFT is determined by adding the length of the sentence imposed to the commencement date of the sentence. *See* Hazelton Declaration, at ¶ 7. Qualified non-federal presentence time is the number of days between the date of the non-federal arrest and the commencement date of the first sentence, whether federal or non-federal. *See* Hazelton Declaration, at ¶ 8.

Hazelton determined, on behalf of the BOP, that Rashid did not qualify for the *Kayfez* credit because he met only the first two requirements for the credit—that his state and federal sentences are concurrent and that his state raw EFT is later than his federal raw EFT. Rashid could not satisfy the third requirement, because his state EFT date, after application of qualified non-federal presentence time, was la-

ter than his federal raw EFT date. Hazelton explained:

> In inmate Rashid's case, I determined his federal raw EFT date as May 22, 2012 (139 months after October 23, 2000), and I determined his non-federal raw EFT date to be February 13, 2022 (twenty years after February 14, 2002). Also, from his records, I determined the date of his non-federal arrest was May 25, 1999. The date his first sentence commenced was October 23, 2000. The number of days between May 25, 1999 and October 22, 2000 (the day before the commencement of the first sentence), is 517 days. Thus, his non-federal raw EFT date (February 13, 2022), adjusted by qualified presentence time (517 days), resulted in an adjusted non-federal date of September 14, 2020. His federal raw EFT date is May 22, 2012 (139 months after October 23, 2000). Therefore, because his adjusted nonfederal EFT date (September 14, 2020), is later than his federal raw EFT date (May 22, 2012), he is not entitled to qualified presentence credit under *Kayfez.*

*See* Hazelton Declaration, at ¶ 9.

It is true that, as of March 7, 2001, when the U.S. Marshal Service took custody of Rashid, there was no longer (at least for the time being) a state sentence which credited prior official detention, but Rashid did not challenge the validity of P.S. 5880.28, and we discern no error in the Hazelton computation that is fundamental and carries a serious potential for a miscarriage of justice, *Barden,* 921 F.2d at 479. As it now stands, Rashid has a prior custody credit of 995 days against his state sentences, which otherwise would not expire until February 13, 2022. Because he will be released from federal custody no later than May 22, 2012, he will receive the full benefit of this almost 2¾ year credit.[2]

**2.** In his summary action response, Rashid

contends that the state judge issued an order

For the foregoing reasons, we will summarily affirm the order of the District Court denying Rashid's habeas corpus petition.

on August 8, 2009, concerning prior custody credit. We note the order indicates that Rashid's new "Motion for Jail Credit" was denied. *See* Docket Entry No. 22. Rashid's suggestion that the BOP failed to follow the order of the state sentencing court lacks merit because the BOP is not authorized to compute state sentences.