**Angel Maria DeJESUS, Appellant**

v.

**Mr. Michael ZENK, Warden of MVCC; Cornell Companies, Inc.; Federal Bureau of Prisons.**

No. 10–1226.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 March 4, 2010.

Opinion filed: March 25, 2010.

Angel Maria Dejesus, Philipsburg, PA, pro se.

Megan E. Farrell, Esq., Office of the United States Attorney, Pittsburgh, PA, for Michael Zenk, Warden of MVCC; Cornell Companies, Inc.; Federal Bureau of Prisons.

BEFORE: BARRY, FISHER and STAPLETON, Circuit Judges.

## OPINION

### PER CURIAM.

Angel Maria DeJesus, a federal inmate in Pennsylvania, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Western District of Pennsylvania, claiming that the Bureau of Prisons (BOP) erred in refusing to designate *nunc pro tunc* a state correctional facility for service of his federal sentence so that DeJesus "could gain credit against his federal sentence." Ptn. at 2. The District Court adopted a Magistrate Judge's Report and Recommendation and denied the petition. DeJesus timely filed this appeal. We have appellate jurisdiction under 28 U.S.C. § 1291. We will summarily affirm because this appeal presents "no substantial question." 3d Cir. IOP Ch. 10.6 and L.A.R. 27.4.

The essential facts are not in dispute. On July 17, 2003, DeJesus was arrested in New York for a drug possession offense, and later sentenced by a New York court to 3 to 6 years in prison. On September 16, 2005, while serving the state sentence, DeJesus was indicted in the United States District Court for the Southern District of New York on a charge of illegal reentry after deportation. On September 29, 2005, pursuant to a writ of habeas corpus *ad prosequendum*, DeJesus was taken into federal custody for processing of the federal charge.[1] On May 5, 2006, after entry of a guilty plea, the federal court imposed a sentence of 57 months in prison, to run concurrently with the state sentence. The BOP has run the federal sentence from its date of imposition (May 5, 2006).

On May 25, 2006, DeJesus was returned to state custody. He was then paroled from the state sentence on September 8,

1. A writ of habeas corpus *ad prosequendum* "merely 'loans' the prisoner to federal authorities." *Rios v. Wiley,* 201 F.3d 257, 275 (3d Cir.2000).

2006, and transferred to federal custody to complete serving the federal sentence. The record indicates that, with full good conduct time credit, DeJesus' projected date to complete the federal sentence is June 26, 2010, at which time he will be released to the Bureau of Immigration and Customs Enforcement.

DeJesus claims that the BOP erred in refusing his request to credit his federal sentence for all the time that he served in state prison prior to imposition of the federal sentence (i.e., July 17, 2003, through September 29, 2005). He argues that *nunc pro tunc* designation of the state prison for service of the federal sentence is required to remedy the additional time that he claims to have spent in state custody due to the purported delay in bringing the federal prosecution for illegal reentry. Furthermore, he argues that he would have been eligible for parole on the state sentence on November 15, 2005, but that his ability to complete the requirements for parole were delayed when he was taken into federal custody on the writ in September 2005.

Distinguishing *Barden v. Keohane*, 921 F.2d 476 (3d Cir.1990), and the other cases relied upon by DeJesus, the Magistrate Judge found that the BOP did not err in refusing to afford "double credit" for time that DeJesus served in state custody prior to imposition of the federal sentence, as that time was credited to the state sentence. We agree.

When, as here, a federal district court expressly states that its sentence is to run concurrently with a state sentence,[2] the BOP will deem the federal sentence to commence on the date imposed, *see* 18 U.S.C. § 3585(a), and it will designate the state institution as the place for service of the federal sentence. *See* 18 U.S.C.

§ 3621(b). The BOP properly followed that course here and began DeJesus' federal sentence on its date of imposition, thereby allowing him to serve the state and federal sentences concurrently from May 5, 2006, forward. But DeJesus was not entitled to credit for time served in state custody prior to imposition of the federal sentence.

It is undisputed that all of DeJesus' time served prior to imposition of the federal sentence was credited to his state sentence. Under 18 U.S.C. § 3585(b), the BOP may not grant prior custody credit for time credited to another sentence. *See Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000). Because DeJesus received credit on his state sentence, he cannot, as the Magistrate Judge fully explained, receive double credit.

DeJesus argues, nevertheless, that his situation is "exceptional" and warrants double credit under *Willis v. United States*, 438 F.2d 923 (5th Cir.1971), and *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993). This Court has explained, however, that the reasoning in the "*Willis/Kayfez* line of cases" does not permit federal credit for time served "after the state sentence was imposed but before the federal sentence was pronounced." *Rios*, 201 F.3d at 273 n. 13. DeJesus has not shown that his situation presents any circumstance indicating that the BOP misapplied the controlling statutes in refusing to award double credit.

For these reasons, we will affirm the District Court's judgment.

---

**2.** The judgment in DeJesus' federal case imposed a term of imprisonment of "57 months to run concurrent with the state sentence the defendant is currently serving."