BLD-397                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2609
_____

DIONICIO ANTONIO ARIAS,
                                        Appellant

v.

GEORGE WIGEN,
Warden, Moshannon Valley Correctional Center
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil No. 3-11-cv-00231)
District Judge: Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 22, 2013
Before:  HARDIMAN, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed: September 27, 2013)
_____

OPINION
_____

PER CURIAM

Dionicio Antonio Arias appeals from the judgment of the District Court, denying his petition for writ of habeas corpus. We will summarily affirm because no substantial question is presented by this appeal.

I.

Arias, an alien previously removed from the country who had reentered the country illegally, pleaded guilty in November 2006 to state charges for possession of heroin. While he was in state custody but prior to his plea, the Bureau of Immigration and Customs Enforcement lodged a detainer against him that precluded him from making bail. Thereafter, Arias was sentenced to two years' incarceration. Arias received credit toward his state sentence for all time spent in custody, including that time incurred due to the federal detainer. Prior to the completion of his state sentence, Arias was removed on a writ of habeas corpus ad prosequendum to answer federal charges for illegal re-entry, 8 U.S.C. § 1326 (a), (b)(2). Arias pleaded guilty and was sentenced to 78 months' incarceration. Arias' state sentence expired while he was in federal custody pursuant to the transport writ but prior to the commencement of his federal sentence. Arias received credit toward his federal sentence for this time.

At issue here is the habeas petition that Arias filed under 28 U.S.C. § 2241, seeking modification of the Bureau of Prisons' (BOP's) computation of his federal sentence. He specifically challenges the BOP's decision denying him credit for time spent in state custody prior to the commencement of his federal sentence, as well s a

2

three-month credit for attendance of a state rehabilitative program. Following a report and recommendation issued by the Magistrate Judge, the District Court denied his petition. Arias timely appealed. Appellee has filed a motion for summary affirmance.

II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and we review the District Court's order de novo. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007). We may summarily affirm that order if no substantial question is presented by the appeal. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

When administering a federal sentence, the BOP must give a defendant credit for any time that he spent in official detention prior to the date on which he commenced service of that sentence, as a result of the offense for which the sentence was imposed or any other charge for which he was arrested after he committed that offense, that has not been credited against another sentence. 18 U.S.C. § 3585(b). Section 3585(b) expressly prohibits awarding a prisoner "double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992). Limited exceptions to the prohibition of double credit can arise when the federal sentence runs concurrently with a state sentence. See Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993); Willis v. United States, 438 F.2d 923 (5th Cir. 1971) (per curiam). No such exception applies here because Arias' federal sentence is consecutive to his state sentence. Kayfez, 993 F.2d at 1289; Willis, 438 F.2d at 925. As the District Court determined, all of the time that Arias served in custody has been

3

credited toward either his state or his federal sentence, and he is not entitled to any

additional credit.[1]

III.

As we agree that no substantial question is presented on appeal, we will grant

Appellee's motion and summarily affirm the judgment of the District Court. See 3d Cir.

L.A.R. 27.4; I.O.P. 10.6.

---

[1] As explained by the Magistrate Judge, the Sentencing Guidelines provide that a federal judge may impose a shorter sentence to reflect a lost opportunity for concurrency due to a delay in federal prosecution, see United States v. Barrera-Saucedo, 385 F.3d 533, 536 (5th Cir. 2004) (listing cases), but that discretion at sentencing does not provide a basis for the relief that Arias seeks here.