**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1944
_____

DERRICK DEANDRE CHAPMAN,
Appellant

v.

WARDEN SCHUYLKILL FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4:23-cv-01246)
District Judge: Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 13, 2025
Before: KRAUSE, PHIPPS, and ROTH, <u>Circuit Judges</u>

(Opinion filed February 3, 2025)
_____

OPINION[*]
_____

PER CURIAM

     Federal prisoner Derrick DeAndre Chapman appeals pro se from an order of the

United States District Court for the Middle District of Pennsylvania denying his petition

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will affirm.

I

As the District Court noted, Chapman's underlying criminal history is not in dispute. Most relevant to this appeal, in December 2014, Chapman received a 16-year sentence in state court, along with a concurrent seven-year term for violating the terms of his probation on a previous state court conviction. He subsequently was sentenced in March 2015 by the United States District Court for the District of Maryland to 179-months' imprisonment for carjacking. The District Court ordered this sentence to run concurrently with his state sentence.

In 2021, Chapman was released from state custody on parole and entered federal custody to serve his federal sentence. In 2023, Chapman filed the habeas petition at issue in this appeal. He claimed that the Federal Bureau of Prisons (BOP) improperly calculated his sentence by failing to apply the entire time he spent in presentence state custody to his federal sentence. In doing so, he relied on <u>Willis v. United States</u>, 438 F.2d 923 (5th Cir. 1971) (per curiam), and <u>Kayfez v. Gasele</u>, 993 F.2d 1288 (7th Cir. 1993).[1] Chapman appealed the denial of his federal habeas petition.

---

[1] The District Court analyzed other issues associated with the calculation of Chapman's federal sentence such as when Chapman was relinquished to federal authorities and the federal sentencing guidelines. Chapman expressly states in his appellate brief that he is not contesting those issues and is relying only on <u>Willis</u> and <u>Kayfez</u> in this appeal. Thus, this appeal is strictly limited to the issues raised by Chapman on appeal.

## II

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. In reviewing a District Court's denial of a § 2241 habeas corpus petition we exercise plenary review over the District Court's legal conclusions and review findings of fact for clear error only. See O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005) (per curiam).

## III

Under 18 U.S.C. § 3585(b), a federal prisoner generally cannot receive credit against his sentence for presentence detention if that time has been credited against another sentence. However, Willis and Kayfez provide limited exceptions to that rule. Willis provides for presentence credit where: (1) the state and federal sentences are concurrent; and (2) the raw state effective full term (EFT) is equal to or shorter than the raw federal EFT. See 438 F.2d at 925. Kayfez applies where: (1) the state and federal sentences are concurrent; (2) the state EFT is greater than the federal EFT; and (3) the state EFT, after application of qualified presentence time, is reduced to a date that is earlier than the federal EFT. See 993 F.2d at 1290. The BOP incorporated Kayfez and Willis nationwide in Program Statement 5880.28 and applied that in this case.[2]

We agree with the District Court's analysis and calculations. Pursuant to 18 U.S.C. § 3585(a), Chapman's federal sentence of 179-months commenced on March 24, 2015.

---

[2] Neither party challenges the applicability of the BOP program statement. Rather, Chapman appears to challenge how the BOP is *applying* the program statement and, more particularly, how Willis and Kayfez apply to his particular case.

3

His 16-year state sentence commenced on December 16, 2014. Thus, his state EFT was longer than his federal sentence. Willis therefore did not apply.

The District Court correctly applied Kayfez in this case. First, the District Court properly determined the raw EFT for both Chapman's state and federal sentences – December 15, 2030, and February 23, 2030, respectively. Then, because Chapman's raw EFT state sentence was greater than his raw EFT federal sentence, Kayfez and the BOP's Program Statement required that Chapman's undisputed qualified presentence credit of 502 days be applied to his raw state EFT. This then created an adjusted state sentence EFT of July 31, 2029. However, this then also created a situation where the adjusted state sentence EFT (July 31, 2029) was earlier than the raw EFT federal term (February 23, 2030) – a gap of 207 days. As aptly noted by the District Court, that precise period of time is what the BOP then applied to Chapman's federal sentence to conform with Kayfez and the BOP's Program Statement. Chapman has shown no error in these computations.

Chapman argues that he is not getting the benefit envisioned by Kayfez. He is mistaken. His state EFT was reduced to account *fully* for the qualified presentence time. Moreover, his federal sentence was reduced by the BOP *to the same date*. That is a real benefit—and the one due him under Kayfez. See 993 F.2d at 1290 (reading the relevant statute to avoid a situation where the prisoner would have qualified presentence time reduced only from a state sentence, leaving a period of time in which the remaining federal sentence would have to be served alone). But no more was due Chapman.

4

For these reasons, we will affirm the District Court's denial of Chapman's habeas petition.