**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 14-3254

———————

MICHAEL TACCETTA,
                                        Appellant

v.

FEDERAL BUREAU OF PRISONS

———————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-13-cv-04439)
District Judge: Honorable Faith S. Hochberg

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
February 13, 2015

———————

Before: CHAGARES, JORDAN, and VANASKIE, *Circuit Judges*

(Opinion Filed:  April 13, 2015)

———————

OPINION*

———————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

VANASKIE, *Circuit Judge.*

In 1994, Appellant Michael Taccetta pleaded guilty to organized-crime-related felonies in both state and federal court, and received lengthy concurrent sentences. Taccetta now argues that the Bureau of Prisons (BOP) erred by refusing to credit a period of pre-sentencing detention against his federal sentence. The District Court, noting that the New Jersey Department of Corrections (NJDOC) had already credited the time against Taccetta's concurrent state sentence, concluded that the BOP had properly calculated Taccetta's federal sentence under 18 U.S.C. § 3585(b).[1] We will affirm.

I.

Taccetta, a member of an organized-crime syndicate in New Jersey, was arrested in January 1993 by federal authorities, charged with offenses under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68, and released on bail the same day. In August 1993, while still out on bail, he was arrested by New Jersey state authorities for violations of state law and held without bail. On September 20, 1993, the federal government obtained a writ of habeas corpus *ad prosequendum*, which allowed federal agents to "borrow" Taccetta for his guilty plea in federal court that same day.

---

[1] 18 U.S.C. § 3585(b) provides that, in certain circumstances, an inmate shall receive credit against his federal sentence for "any time he has spent in official detention prior to the date the sentence commences" unless that time has been "credited against another sentence."

Pursuant to the writ, Taccetta remained in federal custody for his next several court proceedings, including when he pleaded guilty in state court on October 19, 2003 and when a federal court sentenced him to 300 months' incarceration on July 22, 1994. The parties agree that under customary writ practice, Taccetta should have been returned to state custody, at the latest, immediately after his federal sentencing. For reasons unknown, however, Taccetta remained in federal custody. He was again produced for state-court sentencing on August 10, 1994, where he received a 40-year concurrent sentence. From 1994 to 1999, Taccetta served his concurrent sentences in federal prison.

In 1999, BOP officials reviewed Taccetta's sentence and realized that Taccetta had never been returned to New Jersey custody on the writ *ad prosequendum*. The BOP contacted the NJDOC, which agreed that Taccetta should have been returned to state custody after his federal sentencing. In January 2000, Taccetta was transferred to state custody.

It later became apparent that due to various state credits, Taccetta's 40-year state sentence would expire at least two years before his concurrent 300-month federal sentence. This meant that Taccetta would eventually be required to return to federal prison, where his projected release date was (and remains) April 26, 2016. Taccetta thus became concerned about which sovereign was crediting him for the 305 days he spent incarcerated between his federal guilty plea on September 20, 1993 and his federal sentencing on July 22, 1994: if the term were credited against only his state sentence, he would receive no tangible benefit, because the credit would simply hasten his transfer to

3

federal prison; if it were credited against both sentences or against his federal sentence alone, his total time of incarceration would be reduced by approximately 305 days.

In 2011, Taccetta's attorneys contacted the BOP about this issue. The BOP responded that the NJDOC had already credited the time against Taccetta's state sentence, and the federal prohibition on double-counting in 18 U.S.C. § 3585(b) prohibited the BOP from also crediting the same period against Taccetta's federal sentence. In response, Taccetta filed the instant petition for a writ of habeas corpus. The District Court concluded that the BOP had not abused its discretion with respect to the sentencing calculations and denied Taccetta's habeas petition. In early 2014, the NJDOC determined that Taccetta had completed his state sentence, and he was transferred back to federal prison to serve the two years remaining on his federal sentence.

## II.

The District Court had jurisdiction over this case under 28 U.S.C. § 2241. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).

Our review of the District Court's legal conclusions underlying a denial of habeas relief is de novo. *Denny v. Schultz*, 708 F.3d 140, 143 (3d Cir. 2013) (citing *Vega v. United States*, 493 F.3d 310, 314 (3d Cir. 2007)). The BOP's view of § 3585, as expressed through an interpretative rule, is entitled to "'some deference' so long as it sets forth a permissible construction of the statute." *Blood v. Bledsoe*, 648 F.3d 203, 208 (3d Cir. 2011) (per curiam) (quoting *Reno v. Koray*, 515 U.S. 50, 61 (1995)).

III.

Where a defendant faces prosecution by both state and federal authorities, the "primary custody" doctrine determines where and how the defendant will serve any resulting sentence of incarceration. The basic principle is that the first sovereign to arrest the defendant is entitled to have the defendant serve that sovereign's sentence before one imposed by another sovereign. *See Bowman v. Wilson*, 672 F.2d 1145, 1153 (3d Cir. 1982). A sovereign can "relinquish" primary custody by releasing the defendant on bail, dismissing the charges, or granting parole. *See United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005). We have explicitly recognized, however, that temporary transfer of a prisoner pursuant to a writ *ad prosequendum* does not constitute a relinquishment. *Rios v. Wiley*, 201 F.3d 257, 274–75 (3d Cir. 2000) (collecting cases), *superseded on other grounds*, *see United States v. Saintville*, 218 F.3d 246, 249 (3d Cir. 2000).

Here, the federal government obtained primary custody of Taccetta by arresting him in January 1993, but relinquished custody by releasing him on bail. New Jersey then gained primary custody by arresting Taccetta in August 1993, and retained primary custody because he was not released on bail. The subsequent transfer of Taccetta to the custody of the federal government on a writ *ad prosequendum* did not result in a relinquishment of New Jersey's primary custody.

Taccetta first argues that he should receive federal credit for the period at issue, rather than state credit, because the record reflects an intent by New Jersey to relinquish primary custody to the federal government from September 20, 1993 onward. As

5

evidence of that intent, Taccetta cites the fact that the parties negotiated a global plea agreement; that he was in federal custody at the time of his state-court plea and sentencing; and that he served six years in federal prison before being returned to the physical custody of New Jersey.

The record is unambiguous, however, that New Jersey never expressly waived primary custody, thus distinguishing this case from *Shumate v. United States*, 893 F. Supp. 137, 142–43 (N.D.N.Y. 1995) (finding that local authorities relinquished primary custody by signing express waiver). And Taccetta points to no case in which we have recognized a tacit or implied relinquishment of primary custody. In fact, quite to the contrary, we have held that "the length of time in federal detention" is irrelevant to the question of relinquishment. *Rios*, 201 F.3d at 274. We thus conclude that Taccetta was in the primary custody of New Jersey throughout the period at issue; that the BOP was entitled to respect the NJDOC's decision to credit that time against Taccetta's state sentence; and that the BOP was then prohibited under 18 U.S.C. § 3585(b) from also crediting that time against Taccetta's federal sentence.

Taccetta's second argument is that we should extend the reach of *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) (per curiam), and *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993), which approved narrow exceptions to the rule against "double-counting" in 18 U.S.C. § 3585(b). Those rules are now applied nationwide by way of BOP Program Statement 5880.28, which provides that a federal prisoner can receive credit from both sovereigns for a particular stretch of incarceration under a narrow set of circumstances

6

involving the "effective full term" (EFT) of each sentence. *See* BOP Program Statement 5880.28, at 1–14 (defining an 'EFT' as the full sentence length without including any potential time credits). The *Willis* rule applies only if: (1) the state and federal sentences are concurrent; and (2) the state EFT is equal to or shorter than the federal EFT. *Id.* at 1–22 through 1–22A. The *Kayfez* rule applies only if: (1) the state and federal sentences are concurrent, (2) the state EFT is greater than the federal EFT; and (3) the state EFT, after application of qualified presentence time, is reduced to a date that is earlier than the federal EFT. *Id.* at 1–22B through 1–23A. The purpose of both rules is to address scenarios where a credit against a concurrent state sentence "would not benefit [the defendant] except that . . . he would be serving only one sentence instead of two concurrent ones. Crediting [the disputed period] against his federal sentence will correct the problem." *Kayfez*, 993 F.2d at 1290.

In this case, Taccetta's state EFT (40 years) was greater than his federal EFT (300 months). Thus, the reasoning of *Willis* is not applicable and Taccetta is not entitled to any benefit under Program Statement 5880.28. Even after the subtraction of the 305 days of presentence time at issue, his state EFT still results in an expected release date roughly 14 years later than his federal EFT, thus ruling out *Kayfez*. While acknowledging that he does not fall within the *ratio decidendi* of either *Willis* or *Kayfez*, Taccetta argues that the holdings of these cases should be extended to cover his situation: his actual maximum release date on his state sentence occurred sooner than his maximum release date on his federal sentence, and thus he received no benefit from his credit for time served.

7

But, as the BOP has interpreted § 3585(b), credit towards a term of imprisonment is calculated not based on the actual length of the sentence but on the effective full term. As noted in *Kayfez*, the BOP's decision to use effective full terms for purposes of implementing § 3585(b) was a policy adopted for "administrative convenience" because "[t]o do otherwise would require the Bureau in all similar cases to consider the complexities and details of rules which vary from state to state[.]" *Kayfez*, 993 F.2d at 1290. The *Kayfez* court expressly concluded that "the Bureau's exclusive reliance on the full term is reasonable." *Id.* Taccetta provides no case law to the contrary, and we see no other reason to revisit or reject this widely accepted standard. Accordingly, we will not grant relief on this basis.

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.